WILLIAM ANDREWS v. WILLIAM H. HARVEY.

1. An order drawn for money has not the attributes of commercial paper
   unless it be drawn on the personal credit of the drawer ; it has not the
   character of a bill of exchange if it be confined to a credit on a particu-
   lar fund.
2. An order directing a bank to pay over to the bearer a special deposit,
   which was not paid because the deposit had been withdrawn by the at-
   torney of one of the parties, cannot be treated as a bill of exchange.

APPEAL from Victoria.   Tried below before the Hon.
T. C. Barden.

The material facts in this case sufficiently appear in the
opinion.

*Glass & Callender*, for appellant, contended that the
court committed error in assuming, by instructions, that
the order given was a bill of exchange, and cited Dawkes
v. De Loraine, 3 Wils., 207 (cited in note, Pars. Notes and
Bills, 43) ; Edwards on Bills and Notes, 42–3.   They also
cited Story on Bills, Sec. 46 ; Edwards on Bills and Notes,
page 141.

*Philips, Lackey & Stayton*, for appellee.—It is claimed
that appellant is not liable for the rent, because there is
no privity of contract between him and the appellee.
His liability for the rent of the land is to be determined
by the application of the principles of the common law
to the matter.

It is in no manner affected by our statutes, but is an in-
cident to the estate in land, and grows out of it.   Where·
the lessee disposes of his entire term to another, such
person does not become the sub-tenant of such lessee, but
in legal language becomes an assignee of the term, and
liable directly to the lessor for the rent to become due.
(1 Parsons on Contracts, 3d Ed., 426, 428 ; Jackson v..

Davis, 5 Cowen, 123; Royer v. Ake, 3 Penn., 461; Benson v. Bolles, 8 Wendell, 175; McMurphy v. Minot, 4 N. H., 251; McCormick v. Young, 2 Dana, 294; Pengrey v. Watkins, 15 Vermont, 479; Lloyd v. Cozens, 2 Ashmead, 131; McKeon v. Whitney, 3 Denio, 452; Glover v. Wilson, 2 Barbour, 264; Graves v. Porter, 11 Barbour, 592; Haunen v. Ewalt, 18 Penn., 6 Harris, 9; Blake v. Sanderson, 1 Gray, 332; Carter v. Hammett, 18 Barbour, 608; Jacques v. Short, 20 Barbour, 269; Ghigan v. Young, 23 Penn., 11 Harris, 18; Van Rensalaer v. Smith, 27 Barbour, 104; McGuisney v. Heister, 33 Penn., 435; Barroilhet v. Battelle, 7 California, 450; Laffin v. Naglee, 9 California, 662.)

If not liable by privity of contract, he is liable by privity of estate. (Graves v. Porter, 11 Barbour, 592; Glover v. Wilson, 2 Barbour, 264; 1 Parsons on Contracts, 3d Ed., 428; Hintz v. Thomas, 7 Maryland, 346.) The covenants in the lease attach to and run with the land. (Laffin v. Naglee, 9 California, 662; 7 California, 450; Van Rensalaer v. Smith, 27 Barbour, 104; Jacques v. Short, 20 Barbour, 269; 1 Parsons on Contracts, 3d Ed., 201.) And at the same time McGrew is liable by privity of contract. (Wall v. Hinds, 4 Gray, 256; Damb v. Hoffman, 3 E. D. Smith, 361; Shaw v. Partridge, 17 Vermont, 626; Fletcher v. McFarland, 12 Mass., 43.)

The forgoing authorities are believed to be conclusive upon the question of the liability of appellant for the entire rent.

The liability of the appellant and McGrew may exist at the same time, although there can be but one satisfaction.

The order drawn by McGrew and Andrews, we are aware, is not technically a "bill of exchange," yet upon proof of the consideration upon which it was drawn, it becomes equally effective. In this case the proof of con-

sideration is ample, and fully admitted by appellant in his pleadings and in his evidence.

WALKER, J.—The verdict of the jury in this case is to the following effect:   They found that all the allegations in the plaintiff's petition were not true ; whether any of them were true or not the verdict does not say; but the jury find that H. H. McGrew is indebted to the plaintiff, Harvey, $333 for the rent of 1869, and they also find that McGrew and Andrews are both indebted to Harvey in a, like sum, with interest from February 6, 1871.

To understand this verdict, and the judgment which. follows it, we must look to the facts, the pleadings, and. the charge of the court.   Both parties appear dissatisfied. with the judgment.

William H. Harvey, as the administrator of Robert B. Harvey's estate, brought this suit against McGrew and Andrews to recover rent for a plantation for the years 1869 and 1870.   The facts appear to be these :

Harvey leased a plantation to McGrew for a term of three years for the gross sum of $1000, payable at the end of the term, as is contended ; but we do not find any stipulation or proof as to the time of payment, or the kind of money to be paid.

The evidence shows to our mind clearly enough that Andrews had nothing to do with this lease, unless it may be inferred that McGrew intended to underlet to him ;, which it appears he did, agreeing with Andrews for an annual rent of $333.33 currency.   Andrews paid the rent to McGrew for the year 1869, and it would appear that McGrew made a tender of this year's rent to Harvey's agent, who refused to accept currency, demanding coin.

At the end of the first year there seems to have been a proposition made to Harvey's agent that McGrew would surrender his lease and let Andrews become the tenant of Harvey.   This, however, Harvey's agent declined.

At the end of the second year, however, Andrews took the lease upon himself directly from Harvey, and paid the last year's rent. He also paid the rent of 1870 to McGrew about the beginning of the year 1871.

It would seem that Harvey, claiming that McGrew was bound to pay the rent annually and in coin, commenced a suit for the rent of 1869 and 1870, and sued out a distress warrant, which he was about to levy on Andrews' crops. McGrew, having received the rent from Andrews for the year 1870, deposited it in bank, giving his attorney, and also Andrews, authority to draw the money from bank whenever Harvey's agent should be willing to receive it.

The money was deposited subject to the order of Bagby, the attorney. Sometime afterwards Harvey's agent came upon the premises, accompanied by the deputy sheriff, who had the distress warrant. Some understanding was arrived at, Andrews informing the agent and sheriff's deputy that he had paid the money to McGrew, who had doposited it for the special purpose of paying the rent whenever Harvey was willing to receive it in currency, and that McGrew had authorized him to use his name in any settlement of the matter which might be made; whereupon Andrews gave the deputy sheriff the following order or letter to the bank:

"ANNAQUA, VICTORIA Co., TEX., Feb. 4, 1871.
"*Messrs. J. M. Bronson & Co., Bankers, Victoria*—
"Will please pay to Drury W. Kay, deputy sheriff, or order, the sum of three hundred and thirty-three dollars and thirty-three and one-third cents ($333.33$\frac{1}{3}$) of the funds deposited with you by and per acc't of McGrew & Andrews, which amount Gen. Bagby, of Victoria, was authorized or had an order for. This order or check is given in order to liquidate the same special business that

the said Bagby was authorized to settle with the said funds that was deposited with you as above stated ; and this order shall be a voucher to you for the same.

"$333.33⅓.                            "H. H. McGREW.
                                      "WM. ANDREWS,
                                                "per Andrews."

This is a very awkwardly drawn instrument. The signatures would seem to indicate a partnership in the money between McGrew and Andrews, and some difficulty might arise from this instrument, were not the whole matter explained in the evidence. And now as to the finding of the jury. It cannot be claimed, from the verdict, that the jury found McGrew and Andrews partners in the original lease, for the special finding against McGrew for the rent of 1869 negatives this idea, and we now come to what we regard as error in the charge of the court.

The third instruction, asked by the plaintiff and given by the court, is erroneous. The court seems to have treated the letter to the bankers as a bill of exchange, and a promise on the part of both McGrew and Andrews to pay the bill, if not paid by the bank. We do not regard it in this light ; it is not, upon its face, in the form, nor is it substantially a bill of exchange.

It was an order to the bank upon a particular fund, to be used for a particular purpose. It carried with it no personal guarantee or obligation, except that it should be a voucher to the bank, on payment of the money. Bills and notes are not drawn upon any special fund. In order to give them the character of commercial paper, they must be drawn or made upon the personal credit of the maker or drawer ; and must not be confined to a credit on any particular fund. (See Edwards on Bills and Notes, 142–3 ; Story on Bills, Sec. 46 ; Parsons on Notes and Bills, 42, 43.)

A bill of exchange obligates the drawer as the security for a certain sum, for the acceptor, to the endorser, holder, payee or bearer, at a time specified and fixed by the terms of the bill. (Chitty on Bills, 214.) To treat this as a bill of exchange, the deputy sheriff was the payee; but he is lost from consideration in this suit. The instrument is no evidence of an agreement to pay any one money. (Byles on Bills, 74.)

The court charged the jury that if they found the statements of the petition true, they should find for the plaintiff against both of the defendants. If they did not find the statements all to be true, but found that the renting was not for the benefit of Andrews, then, by the drawing of the order offered in the evidence, Andrews thereby promised, if the same should not be paid by the party upon whom it was drawn, that he and his co-defendant, McGrew, would pay the same; and they are both liable so to do, if the money was not paid by the parties upon whom said order was drawn.

We do not think the order contains any such promise, expressed or implied; the special deposit had been drawn by McGrew's attorney, and the money has not been accounted for by him.

This was simply an authority given by Andrews to the bank, in the name of McGrew and himself, to pay over the special deposit which McGrew had made, to the deputy sheriff; and the bank not being able to do so, the parties were left precisely where they were before the order was given. The facts all show conclusively that Andrews did not intend to incur any new liability by giving this order; he simply intended thereby, having McGrew's authority for so doing, to put it in the power of the deputy sheriff to draw the money which McGrew had deposited in the bank.

There is scarcely any attribute of a bill of exchange in

this paper.   The second and third charges asked and re-fused by the court should have been given.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.