Wm. H. Harvey, Adm'r, v. W. H. McGrew and Wilburn Andrews.

1. Liability of sub-tenant to the landlord.—A sub-tenant is not liable upon the covenants contained in the contract of lease between the landlord and the tenant under whom the sub-tenancy exists; otherwise in case of an assignment of the lease.

2. Distress warrant.—Where a sub-tenant paid rent to the tenant for two years of a term of lease for three years, and the third year, by consent of all interested, attorned to the landlord, the crop made during the third year is not subject to distress for the rent due from the tenant for the first two years of the lease and during his sub-tenancy.

Appeal from Victoria. Tried below before the Hon. T. C. Barden.

*Phillips, Lackey & Stayton*, attorneys for appellant, cited Dunlap's Paley on Agency, 248; Wilson *v.* Powell, 3 Doug., 410; Taylor on Landl. and Ten., sec. 16, 431; 1 Pars. on Cont., 3d ed., 426, 428; Smith on Landl. and Ten., 292 and 294, (marginal pages;) Chit. on Cont., 9th ed., 443, (marginal page) and note; 2 Bouvier's Institutes, 212; Taylor on Landl. and Ten., 371, 372, 437; Royer *v.* Ake, 3 Penn., 461; Benson *v.* Bowles, 8 Wend., 175; McMurphy *v.* Minot, 4 N. H., 251; Pingrey *v.* Watkins, 15 Vt., 479; Lloyd *v.* Cozens, 2 Ash., 131; McKeon *v.* Whitney, 3 Davis, 452; Glover *v.* Wilson, 2 Barb., 264; Graves *v.* Porter, 11 Barb., 592; Harmen *v.* Ewalt, 18 Penn., (6 Harris, 9;) Blake *v.* Sanderson, 1 Gray, 332; Jalques *v.* Short, 20 Barb., 269; Van Renssellaer *v.* Smith, 27 Barb., 104; Gighan *v.* Young, 23 Penn., (11 Harris, 78;) McQuisney *v.* Heister, 33 Penn., 435; Barhoilhet *v.* Batelle, 7 Cal., 450; Laffin *v.* Naglee, 9 Cal., 662; Hintz *v.* Thomas, 7 Md., 346; Jones *v.* Sandrim, 3 Watts & Serg., 531; Taylor on Landl. and Ten., sec. 138, 436; Watt *v.* Hinds, 4 Gray, 256; Damb *v.* Hoffman, 3 E. D. Smith, 361; Shaw *v.* Partridge, 17 Vt., 626; Fletcher *v.* McFarland, 11 Mass.,

43; 2 Bouvier's Institutes, 212; Chit. on Cont., 9th ed., 443, (margin;) Smith on Landl. and Ten., 130, 131, 132, (marginal pages;) Coles v. Marquand, 2 Hill, 449; Acker v. Witherell, 4 Hill, 115; Main v. Davis, 32 Barb., 463; Main v. Green, 32 Barb., 449; Prescott v. De Forest, 16 Johns., 159; Parker's Appeal, 5 Barr., 390; Talvand v. Cripps, 3 McCord, 147; Ratcliff v. Daniel, 6 Har. & J., 498; Sherwood v. Phillips, 13 Wend., 479; Taylor on Landl. and Ten., sec. 581.

*Glass & Collander*, for appellees.

REEVES, ASSOCIATE JUSTICE.—This suit was brought against McGrew and Andrews to recover $666.66, claimed by appellant as the rent of a farm belonging to the estate of Robert B. Harvey, deceased, for the years 1869 and 1870.

By the terms of the contract, as it is alleged in the petition, the appellee, McGrew, contracted with appellant for the use and occupation of the plantation for the period of three years, being the years of 1869, 1870, and 1871, for which McGrew agreed to pay the sum of one thousand dollars in specie, payable in three annual installments of $333.33⅓ each at the end of each year. It was further alleged that McGrew placed his co-defendant, Andrews, in possession of the premises, for which Andrews agreed to pay for the benefit of appellant the rents according to the terms and conditions of McGrew's contract with Harvey. By a subsequent agreement the rent was to be paid in currency. By an amended petition the plaintiff alleged that McGrew rented the farm for himself and Andrews; and again amending his petition, he averred that McGrew assigned and transferred to Andrews all the interest he, McGrew, had in the lease, and that by reason of the assignment to Andrews and his occupation of the farm he became liable to the plaintiff for all the rents, and that his crops raised on the farm were liable to distress for said rents.

The original petition was filed March 20, 1871. A distress warrant was issued September 27, 1871, under which the crop raised by Andrews for that year was seized to pay the rent for the years 1869 and 1870.

The defendants answered (1) by a general denial, and (2) the defendant, Andrews, denied that he was the tenant of the plaintiff for the years 1869 and 1870, but admitted his possession of the farm for said years as the tenant of his co-defendant, McGrew, and alleging that he had paid the rent for both years to McGrew before the commencement of the suit; that the plaintiff leased the premises to McGrew for the years 1869, 1870, and 1871 for the gross sum of $1,000, payable at the end of the term, and that McGrew sublet the premises to him. He further alleged that by agreement of all the parties he attorned to the plaintiff after the year 1870, and took a lease from him of the premises for 1871, and that he had paid the rent of that year to the plaintiff, and the rents of 1869 and 1870 to McGrew at the end of each of said years.

The jury returned a verdict against McGrew for the rents of 1869 and 1870, and a verdict for Andrews. They further find that Harvey did not regard Andrews as an assignee, but as a sublessee. Judgment was rendered in accordance with the verdict. There was a motion for a new trial, which was overruled, and the plaintiff appealed.

Appellant contends that McGrew acted as the agent of Andrews in renting the farm, and that Andrews, the principal, is therefore liable for the rent due for the years 1869 and 1870, or if McGrew was not the agent of Andrews in making the contract for the rent of the farm, yet Andrews is liable as assignee of the lease made to McGrew.

The relationship between McGrew and Andrews is the principal question in the case. The court charged the jury, at the request of the appellant, that if McGrew rented the farm for Andrews, or that after renting it he assigned his entire right to use the same to Andrews, and that An-

drews occupied said farm, he was liable to the plaintiff for the rent, and though he may have paid the rent to McGrew the payment would not relieve him from liability to the plaintiff for the rent. The court further charged the jury, in substance, that if Andrews was the under-tenant of McGrew and not his assignee, then Andrews was not liable to Harvey on the McGrew lease.

"While 'an assignee,'" says Taylor, "is liable to the original lessor for all the obligations of the lessee by virtue of the privity of estate that subsists between them, no action can be maintained by the lessor against an under-tenant upon any covenant contained in the lease, since there is no privity of estate nor of contract between himself and the sublessee." (Taylor's Land. and Ten., sec. 16.)

It will be seen, by reference to the plaintiff's last amended petition, that he based his right to recover the rent from Andrews on the allegation that McGrew had assigned his lease to Andrews, and that he had occupied the premises under and by virtue of the assignment.

The precise terms of the lease from Harvey to McGrew are not well defined by the petition or the evidence. As the lease was understood by the plaintiff and set up in the petition, the rent was to be paid in specie and in annual installments. As understood by McGrew, the rent was to be paid at the end of the term of three years, and in currency. The nature of Andrews' possession and his agreement with McGrew are not free from doubt. As proved on the trial by the parties, Andrews agreed to pay McGrew the same amount of rent that McGrew had agreed to pay Harvey, but was to pay at the end of each year, and in currency. McGrew says he wrote to Harvey, and accepted his proposition to rent the place for three years at $1,000 ; that he alone rented the farm from Harvey, and that Andrews was not a party to the contract. There 'was no written evidence before the jury of the lease to McGrew, and no written evidence of the agreement between McGrew and Andrews. The plaintiff

in his original petition alleges that the negotiation with McGrew was in writing, and on his examination as a witness he refers to the written correspondence, but it was not produced, except one of McGrew's letters, dated January 23, 1870, and which he read in evidence, and proved without objection that he rented the place to McGrew for the years 1869, 1870, and 1871. Andrews gave McGrew his note for the first year's rent and paid it at the end of the year ; he also paid McGrew the rent for the second year. McGrew and Harvey disagreed about the payment of rent. McGrew offered to pay in currency, but Harvey's agent refused to receive currency, because, as he said, he thought the rent was payable in coin. Failing to settle for the rent in currency, McGrew wrote the letter dated January 23, 1870, to Harvey, and before referred to. In this letter he refers to one from Harvey, and proposes to pay the rent, as previously agreed upon, in currency. He also informed Harvey that the crop had been drowned out and the fences washed away by the overflow of the previous year, and proposed to pay the rent of that year (1869) in currency and to pay in specie for the years 1870 and 1871, payable at the end of each year, provided the plantation was not overflowed during the year 1870, but in case of an overflow in 1870 he, McGrew, would leave the place, but would pay the rent of that year. As proved on the trial, the letter was written without the knowledge of Andrews. It was written the year after the original agreement between Harvey and Mc-Grew was made. McGrew asserted his rights under the lease, and offered new conditions for the future, without any intimation that the lease had been assigned to Andrews. Harvey's agent knew that Andrews was in possession of the farm at the time the letter was written. The agent refused to discharge McGrew from his contract and take Andrews for the payment of the rent, but afterwards demanded that Andrews should rent the farm directly from Harvey for the year 1871 ; and with the assent of McGrew,

Andrews took a lease from Harvey, and paid him the rent for that year.

The course of dealing between the parties tends to show that McGrew had not parted with his rights under the lease prior to the time when Andrews attorned to Harvey. On the supposition that Andrews was the assignee of the lease, he took all the interest of McGrew in the place, and was subject to the payment of the rent due on McGrew's contract with Harvey. But the acts of the parties after the alleged assignment are inconsistent with the theory that Andrews was an assignee. It cannot therefore be said that the finding of the jury was without evidence. It was not necessary that the jury should have given the reasons for their verdict, nor would a wrong reason vitiate the verdict when the proper conclusion was arrived at by the jury from the evidence.

We also think the evidence was sufficient to warrant the conclusion that McGrew did not act as the agent of Andrews in renting the farm.

We are also of the opinion that the rent of 1869 and 1870, becoming due under the McGrew lease, was not a lien on the crop of 1871, raised on the premises by Andrews under his agreement with Harvey, and that the crop of 1871 was not subject to distraint for the payment of the rents of the previous years under the statute concerning rents. (Paschal's Dig., art. 5027, *et seq.*)

The court charged the jury as requested by both parties, with a further charge by the court. The charges in some respects are inaccurate and faulty, but not of a character to require a reversal of the judgment.

The other questions in the case were decided on the former appeal of Andrews *v.* Harvey, 39 Tex., 123.

The judgment of the District Court is affirmed.

AFFIRMED.