## J. V. LEA v. SARAH A. HOGUE.

(No. 86, Tex. L. J., vol. 1, p. 58.)

APPEAL from San Jacinto County.   Opinion by ECTOR, P. J.

§ 607. *Sub-tenant; liability of, to landlord, for rent of tenant.*   Swilley rented a plantation for three years from Mrs. Hogue.   Lea rented twenty-eight acres of the land from Swilley and paid Swilley the rent for the same. Mrs. Hogue knew that Swilley had rented the twenty-eight acres to Lea, and Lea knew that Swilley had rented the plantation, including the twenty-eight acres, from Mrs. Hogue.   Swilley having failed to pay his rent for the plantation, Mrs. Hogue sued him, and also sued out a distress warrant, which was levied on cotton in possession of Lea which had been raised by him on the twenty-eight acres.   The court charged the jury as follows: "The fact that Lea rented from Swilley does not, under the law, exempt the crop grown on the place by Lea from any rent due plaintiff.   The crops of a sub-lessee are as much bound for the rent as the crops grown by the lessee. You are therefore charged that if the facts are that there is a balance due by Swilley of $100 on rent, and that the cotton levied on in this case was raised on the premises rented by Mrs. Hogue to Swilley, and that the cotton had not been removed off the rented premises for one month before the levy was made, then you will find the cotton levied on subject to plaintiff's distress warrant.   If you find the cotton was not raised on the rented premises mentioned, or if it had been removed off the premises more than one month before the levy, then find for the claimant."   *Held*, that the charge was erroneous.   "At common law a sub-tenant was not liable upon the covenants contained in the contract of lease between the landlord and the tenant.   The respective rights of the original lessor and the tenant of a lessee, regarded as a sub-lessee, are well settled.   There is no privity of estate

between them, and therefore the lessor cannot sue the under-tenant upon the lessee's covenant to pay rent, nor to recover rent of him in any form of action, even though the occupation by the tenant be without objection of any one." [Washburn on Real Property, 336; Dartmouth College v. Clough, 8 N. H. 22; Campbell v. Stetsor, 2 Met. 504; Jennings v. Alexander, 1 Hilton, 154; 24 La. 450; 2 Met. (Mass.) 504.]

While an assignee, says Taylor, is liable to the original lessor for all the obligations of the lessee, by virtue of the privity of estate that subsists between them, no action can be maintained by the lessor against an under-tenant, upon any covenant contained in the lease, since there is no privity of estate nor of contract between himself and the sub-lessee. [Harvey v. McGrew, 44 Tex. 412; Taylor's Land. and Ten. sec. 16.] The preference lien given to landlords by the act of April 4, 1874, is given on the property of the *tenant*, and we are clearly of opinion that by no forced construction can it be extended to that of the sub-tenant.

At common law, the goods of a sub-tenant found upon the rented premises could be distrained for rent, not because there existed either privity of contract or estate between the landlord and sub-tenant, but upon the same ground that would authorize the goods of a stranger *because* found on the rented premises. [3 Black. Comm. 81.]

There seems to be room for doubt whether our statute of April 4, 1874, is merely declaratory of the common law with modifications, or is a perfect substitute for that law in respect to rents. If but declaratory, it would not authorize the distraint of the property of a sub-tenant or any stranger, if not found on the rented premises; if intended to substitute the common law, it cannot be stretched beyond its terms to cover a sub tenant.

§ 608. *How landlord may protect himself against a sub-tenant.* A landlord can protect himself in his contract with his tenant by stipulating that a sub-letting of

the premises by the tenant would be a forfeiture of the lease: or that if the tenant sub-let a portion of the premises, that the crops of the under-tenant should be bound for the rent due the landlord.

March 15, 1877.　　　　　　Reversed and remanded.