Opinion delivered March 6, 1888.

---

## No. 2376.

## A. M. GIDDINGS ET AL. v. J. A. FELKER ET AL.

1. SUB TENANT.—A sub tenant, in the absence of a stipulation to the contrary, is not liable to the landlord for rent, unless he becomes assignee of the term, in which event he becomes liable on all the covenants of the original lease.

APPEAL from Waller. Tried below before the Hon. W. H Burkhart.

*J. T. Swearingen,* for appellant: The court having found that Felker took possession of the farm without the owner's consent, and converted the crop raised thereon, amounting to more than the rents due plaintiffs, to his own use and benefit, erred in not rendering judgment against the defendant Felker for the entire amount due plaintiffs for that year's rent, citing Revised Statutes, articles 3107, 3108, 3122; Bourcier v. Edmonson, 58 Texas, 675; LeGierse & Co. v. Green, 61 Texas, 128; Templeman v. Gresham, 61 Texas, 50; Span v. Cochran, 63 Texas, 240; Peticolas v. Carpenter, 53 Texas, 23; Rosenberg v. Shaper, 51 Texas, 134.

*T. S. Reese,* for appellee Felker.

MALTBIE, PRESIDING JUDGE.   The appellants, A. M. Giddings et al., as plaintiffs, brought this suit in the district court of Waller county, on the ———— day of January, 1886, against John D. Hardin and the appellee J. A. Felker, to recover the sum of one thousand eight hundred dollars for rent of land, averring that they had executed a lease in writing to the defendant Hardin, in the year 1884, whereby Hardin agreed to pay them the sum of one thousand eight hundred dollars on the thirty-first day of December, 1884, and the same amount on the thirty-first day of each succeeding December, until the thirty-first of December, 1890, as rents for the two thousand acres of land, eight hundred of which were in cultivation; that Hardin paid the rent for the year 1884, and that he, about the first of June, 1885, without the consent of the plaintiffs, leased the land to Felker for that year, he promising Hardin that he would pay the rent; that Felker entered into the immediate possession of the land, and continued to occupy it until the thirty-first of December; that the value of the crops raised on the land that year was five thousand dollars; that Hardin was insolvent and Felker knew it; that plaintiffs had a landlord's lien on the crops raised on the land, which was also known to Felker, and that he converted the proceeds thereof to his own use; that demand for payment of the rent was made on the first of January, 1886, and refused.

The case was tried by the court without a jury, and resulted in a judgment against Hardin for the full amount of the rent agreed to be paid by him, and against the defendant Felker for the sum of three hundred and sixty dollars and thirty-five cents. The court found in substance that the defendant Felker did not absolutely agree to pay the amount of rent that Hardin had contracted to pay the plaintiffs, but that he agreed to pay, provided he should realize from the crops that might be raised on the place, over and above all charges, costs and expenditures, a sufficient sum to enable him to do so; and that the amount realized above such costs and charges was the sum for which judgment was rendered.   And the question for determination is whether, under the facts of this case as found by the court, judgment should have been rendered against Felker for the sum that Hardin had agreed to pay.

According to the findings Felker is a subtenant, and not liable to appellants for rent unless by virtue of his under-

12

taking with Hardin. (Wood on Landlord and Tenant, 545, 547; Harvey v. McGee, 44 Texas, 412.) But if Hardin had assigned his term, Felker then would have been liable upon all the terms of the lease. It is claimed that the court erred in not finding that Felker agreed to pay the rent that Hardin had by his lease undertook and promised to pay, for the year 1885. The evidence was ample for the court to have so found, but there was positive testimony to the contrary, and there certainly is no such preponderance against the finding as would authorize this court to set it aside, in view of the fact that it is entitled to all the presumptions as would be the verdict of a jury.

From the fact that Felker must be regarded as a subtenant it results that any errors that may have been committed in sustaining or overruling demurrers to the pleadings, or in the admission or rejection of evidence, becomes immaterial to appellants. It is conceded by counsel that the evidence authorized all findings of the court, except that Felker did not promise to pay the rent contracted by Hardin, and a statement of facts, termed a qualified statement in the record, was agreed to and filed for the determination of this question, and this alone. There are no facts found that would justify the conclusion that Felker had converted crops upon which appellants had a lien for rents, and it will be unnecessary to determine what would have been his liability under such circumstances.

There being no error in the record of which appellants can complain, the judgment should be affirmed.

*Affirmed.*