ISAAC WINESTINE ET UX. *vs.* THE ZIGLATZKI-MARKS COMPANY.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A tenant by the curtesy initiate is seized of a freehold estate for life in his own right, in lands inherited by his wife, while her interest is merely a reversionary one.

In the present case Mrs. *A* leased premises, inherited by her, to the defendant, who was then in possession, for a term of years. Her husband, who was tenant by the curtesy initiate, did not sign the lease, nor was it witnessed by two witnesses; but he had always permitted his wife to manage the property as if she were a *feme sole* and owned it absolutely. Shortly after making this lease, *A* united with his wife in executing a warranty deed of the premises to the plaintiff, in which the lease was referred to and excepted from their covenant against incumbrances. *Held:*—

1. That by joining with his wife in this conveyance *A* had sufficiently indicated his election to treat the lease as effectual to pass Mrs. *A's* interest during the term thereby created.

2. That, thus considered, the defendant's possession under it, at the date of the warranty deed to the plaintiff, did not invalidate that deed, which was to be treated as a conveyance of the interest of each and both of the grantors in the reversion.

Upon the first rent day after the plaintiff had received her deed, she directed the defendant, who had asked her to whom it should pay the rent, to pay it to Mrs. *A*. Upon its receipt, Mrs. *A* paid to the plaintiff that proportion of it which had accrued since she (the plaintiff) received her title, which the plaintiff accepted. *Held* that the plaintiff had thereby elected to accept an attornment by the lessee and so to confirm the lease, and having thus established the relation of landlord and tenant between herself and the defendant could not thereafter disaffirm it and eject the defendant as a trespasser.

Argued November 1st—decided December 16th, 1904.

ACTION of ejectment, brought to the District Court of Waterbury and reserved on a finding of facts (*Cowell, J.*) for advice. *Judgment advised for defendant.*

*John O'Neill,* for the plaintiffs.

*Charles G. Root,* for the defendant.

BALDWIN, J.   The plaintiffs' title is by a deed to Mrs. Winestine from Enoch L. and Jane L. Tinkham, husband and wife, executed, delivered and recorded on June 22d, 1903.   Mrs. Winestine bargained for the land, upon which was a large store building, and paid for it partly in cash from her own funds, and partly by her notes in favor of Mrs. Tinkham, secured by a mortgage to the latter executed by Mrs. Winestine in which her husband was not named and did not join.

The defendant claimed a right of possession under a lease for five years from November 1st, 1902, signed by it and Mrs. Tinkham on or before June 18th, 1903, reserving an annual rent of $1,340, payable in monthly payments of $111.66, on the first day of each month during the term.   The deed had the usual covenants of warranty, and that against incumbrances excepted " a certain so-called lease, signed by Jane Tinkham only, which said lease Enoch L. Tinkham has not signed, and covenant and agree not to sign."   Mrs. Winestine had previously been told by Mrs. Tinkham that this lease was in the hands of her agent who had charge of her real estate.   That agent had also told her that the defendant had a lease of the premises for a term of years.

Mr. and Mrs. Tinkham were married in 1873, and have issue.   The land in question she inherited in 1890.   During all her married life her husband has allowed her to manage all her property and business as if she were a *feme sole.*   For many years she has conducted in her own name one kind of business, that of a shop keeper, and he another.   The lease was made upon her personal credit and for the benefit of herself, her family and her estate.   It was acknowledged before a proper magistrate, and purports to have been executed by both parties to it in presence of two attesting witnesses, but in fact only one of these saw her sign it, nor did she ever afterwards admit in his presence that she had signed it.   It was left for record on June 22d, 1903, immediately after the deed had been so left.   The defendant has been in

possession of the leased premises since soon after November 1st, 1902. On July 1st, 1903, the defendant asked Mrs. Winestine to whom it should pay the rent due and payable upon that day, and she directed that it be paid to Mrs. Tinkham. It thereupon, on the same day, paid it to one Judd, who had always had charge of the building under a power of attorney from Mrs. Tinkham. He accounted for it to her, and she paid Mrs. Winestine a part of it, proportioned to the time from June 22d to July 1st.

Enoch L. Tinkham is a tenant by the curtesy initiate. As such, when his wife inherited the land in question he became, by operation of law, seized of a freehold estate in it in his own right, and her interest was merely a reversionary one. *Sill* v. *White*, 62 Conn. 430, 436.

He, however, always allowed her to manage it as if it were absolutely her own and she were a single woman. The defendant, when the deed was given to the plaintiff, was in possession under a lease from Mrs. Tinkham, and had, from the commencement of its tenancy, been paying the monthly rents to her, or to her agent for her. When, after the deed was given, it paid her, through her agent, by the direction of Mrs. Winestine, the rent payable on July 1st, 1903, and the latter accepted from her a part of it as representing rent accruing after the delivery of the deed of the reversion, these acts of Mrs. Winestine operated as a confirmation by her of the lease.

The facts found show that she must have been married since 1877, and is to be regarded with respect to this estate as if she were a single woman who owned it absolutely.

General Statutes, § 4042, makes all conveyances of land by one ousted of possession void, unless made to the disseisor. At the date of the deed to Mrs. Winestine the defendant was in possession. If its possession was adverse to the grantors in the deed to her, that deed was void: if not adverse, it was a good conveyance of the title of each and both. The defendant claimed a right to possession under a contract with Mrs. Tinkham, made some months before and expressed in a written lease executed and delivered a few days

before.    Her husband was not a party to it.    If, as against
him, it passed no estate, such possession was adverse to him,
and he could not convey his tenancy by the curtesy to Mrs.
Winestine.    He assumed to convey it, and his wife assumed
to convey also her reversionary interest.    Their deed is to
be treated in such a way, *ut res magis valeat quam pereat.*
Thus treated, it must be regarded as a conveyance of the
reversion, for a mere right of entry by either could not have
been conveyed.

The lease, also, contained the ordinary covenants of good
right to convey and for quiet enjoyment.    Under General
Statutes, § 591, any breach of these covenants founded an
action against Mrs. Tinkham, a judgment in which could
have been enforced by levying on her reversionary interest
in the leased premises.    It was not, therefore, from any point
of view, a void instrument.    That her husband knew that
she had signed it is evinced by the language of their deed.
By joining in that conveyance he sufficiently indicated his
election to treat it as effectual to pass her interest during
the term of the lease.

· The defendant attorned to Mrs. Winestine when it asked
her to whom the rent payable on July 1st should be paid.
This rent (if there was in fact a valid lease under which rent
had accrued) was incident to the reversion and belonged to
her.    *King* v. *Housatonic R. Co.*, 45 Conn. 226.    Mrs. Wine-
stine was thus put to her election.    If she decided to treat
the lease as invalid, it was her duty to take that position
then and refuse to recognize the defendant's tenancy under
the lease.    If she decided to treat it as valid, notwithstand-
ing the nonjoinder of Mr. Tinkham and the lack of two wit-
nesses, she could do so, by assuming the position of a land-
lord, attributed to her by the defendant.    By what she said
and did she elected the latter course.    Her direction that
the rent be paid to Mrs. Tinkham and her subsequently re-
ceiving part of it from her operated in law as an acceptance
of the attornment.    The relation of landlord and tenant was
thus established between Mrs. Winestine and the defendant.
Having once affirmed the lease, she could not afterwards

disaffirm it.   As the attornment bound the defendant to accept her as its landlord, so it bound her to accept it as her tenant under the lease whereby the rent paid under her direction was reserved, and entitled to whatever estate it purported to demise.   *Austin* v. *Ahearne*, 61 N. Y. 6, 15, 17, 20.   It was therefore lawfully in possession when this suit was brought.

The finding states that Mr. Tinkham claimed, on the trial, that there were certain specified reasons which' had led him to allow his wife to manage the property in question as she pleased.   It not being found that these were in fact the reasons, this paragraph is immaterial.

Judgment is advised for the defendant, and the costs of this court will be taxed in its favor.

In this opinion the other judges concurred.