**PECK & HILLS FURNITURE CO. OF TEXAS et al. v. LONG et al.**

No. 12921.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 13, 1934.

Rehearing Denied Feb. 17, 1934.

Eckford & McMahon, of Dallas, and L. J. Wardlaw, of Fort Worth, for appellants.

J. H. Trickey and Raymond E. Buck, both of Fort Worth, and David T. Searls and Vinson, Elkins, Sweeton & Weems, all of Houston, for appellees.

DUNKLIN, Chief Justice.

Peck & Hills Furniture Company of Texas acquired a five-year lease on two lots situated in the city of Fort Worth, described as lots 11 and 12, in block B–4, Daggett's addition. J. H. and wife, Alice P., Greer owned lot 11,

and M. L. Long and L. E. Long were the owners of lot 12. There was a joint lease made and executed by the owners of both lots, dated July 29, 1929. Thereafter, on or about November 5, 1930, the lessee assigned the lease to the Howard Furniture Company, who assumed the payment of $500 monthly rentals while it was using the property. Prior to the execution of the lease and on, to wit, June 1, 1929, J. H. and Alice P. Greer executed a deed of trust lien upon lot 11 to secure the payment of two notes, one for $35,000 and the other for $8,504.96, due five years after date; and to further secure those notes the Greers assigned to the mortgagee all the rentals thereafter to accrue on lot 11 covered by the mortgage. On September 10, 1930, there was a foreclosure sale of the lot after default in payment of the notes so secured, and at that sale the Great Southern Life Insurance Company, the then owner and holder of those notes, became the purchaser. Thereafter that purchaser conveyed the property to J. D. De Buchananne, who on March 26, 1932, reconveyed the property to the Great Southern Life Insurance Company in consideration of the cancellation of a $45,000 indebtedness then due the Great Southern Life Insurance Company, and the grantee in the deed is still the owner of the property.

After the execution of the lease, there was an agreement between the lessee and the lessors that one-half of the rentals should be paid to the owner of lot 11 and the other one-half to the owner of lot 12, and thereafter rentals were paid in accordance with that agreement.

This suit was instituted by M. L. Long and M. E. Long against the Peck & Hills Furniture Company and the Howard Furniture Company to recover the unpaid balance due on lot 12 owned by them, the amount so claimed being one-half of the unpaid balance of the rent stipulated in the lease executed by them jointly with J. H. and Alice P. Greer.

The Great Southern Life Insurance Company intervened in the suit and prayed for a judgment against the same defendants for the other one-half of the unpaid rentals stipulated in the lease, alleging that it had become the owner of lot 11 and also the owner of one-half of the rentals stipulated in the lease under and by virtue of the assignment hereinbefore noted.

From a judgment rendered in favor of plaintiffs and the intervener for the rents so claimed by them respectively, the defendants have prosecuted this appeal.

■ The case was tried without a jury, and the court's findings of fact and conclusions of law appear in the record. The facts recited above appear in the findings of fact and have sufficient support in the evidence introduced. Since the title to J. H. and Alice P. Greer to lot 11 and all rents accruing to them under the lease had passed to the intervener by valid transfers in writing prior to the institution of the suit, the court properly overruled the plea in abatement urged by the defendants, who are appellants here, on the ground that J. H. and Alice P. Greer were necessary parties to the suit.

■ The evidence shows, and the court so found, that after the execution of the lease there was an agreement between the lessees and the lessors that the total consideration stipulated in the lease should be divided in two equal parts and one-half of it paid to the owners of lot 11 and the other one-half to the owners of lot 12, and that thereafter payments were made in accordance with that agreement without objection from any of the parties to the agreement. That constituted a severance of the rights of the lessors which authorized the institution of this suit by the plaintiffs alone, who were the owners of lot 12. 47 Corpus Juris, p. 61. And it is well settled that after the Greers had parted with all rents accruing on lot 11 and all title, they were not necessary parties to the suit by either the plaintiff or the intervener. Maverick v. Maury, 79 Tex. 435, 15 S. W. 686. The intervener, as the assignee of the rentals originally payable to the Greers, had the right to maintain the suit in its own name to recover therefor. Articles 569 and 570, Rev. Civ. Statutes of 1925.

■ There is no merit in the further contention that the sale of lot 11 under foreclosure after the lease had been executed necessarily established a termination of the lease, as a conclusion of law. The sale under foreclosure gave the right to the purchaser to either terminate the lease or to continue it in force with the tenants' consent. If, subsequently to the foreclosure, the purchaser and the lessee and the Howard Furniture Company, as subtenant, elected to treat the lease as still subsisting and thereafter rents were paid by both defendants with full knowledge of the foreclosure sale, in accordance with the terms of the original lease by the Greers, as the findings of the trial court indicate, and which findings have sufficient support in the evidence, then there was an implied agreement between the intervener and both defendants for a continuation of the lease as originally made upon the same terms, with the intervener substituted as landlord in place of the Greers, the original

290

lessors. And defendant Howard Furniture Company could not escape liability for the rents during the time it occupied the premises, by reason of the fact that the intervener did not agree to accept it as tenant in lieu of the original lessee, Peck & Hills Furniture Company, and to release the latter from its obligation to pay the rent. The subtenant's agreement with the original tenant to pay the rents was for the benefit of the owner who could avail itself of its benefits. City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763; Giddings v. Felker, 70 Tex. 176, 7 S. W. 694; 16 R. C. L. p. 636; 35 C. J. 964 to 967; L. R. A. 1915C, 204; Millingar v. Foster (Tex. Civ. App.) 293 S. W. 249; Hartzog v. Seeger Coal Co. (Tex. Civ. App.) 163 S. W. 1055; Austin v. Ahearne, 61 N. Y. 6; Curry v. Bacharach Quality Shops, 271 Pa. 364, 117 A. 435; Winestine v. Ziglatzki-Marks, 77 Conn. 404, 59 A. 496.

All assignments of error are overruled, and the judgment of the trial court is affirmed.