ACCEPTED
03-14-00738-CV
6105954
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 5:20:51 PM
JEFFREY D. KYLE
CLERK

**Oral Argument Requested**

**No. 03-14-00738-CV**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/16/2015 5:20:51 PM
JEFFREY D. KYLE
Clerk

**In The Court of Appeals
For The Third District of Texas
at Austin**

| | | |
|---|---|---|
| **Elness, Swenson, Graham Architects, Inc.,** *Appellant and Cross-Appellee,* | § § § § | **From the 200th District Court** |
| **v.** | § § | |
| **RLJ II-C Austin Air, LP, RLJ II-C Austin Air Lessee, LP and RJL Lodging Fund II Acquisitions, LLC,** *Appellees and Cross-Appellants.* | § § § § § § | **Of Travis County, Texas** |

**CROSS-APPELLANTS' REPLY BRIEF**

**MUNSCH, HARDT, KOPF
& HARR, P.C.**

| | |
|---|---|
| **Michael W. Huddleston** | **Benton T. Wheatley** |
| State Bar No: 10148415 | State Bar No. 24015171 |
| **J. Stephen Gibson** | **Tracy McCreight** |
| State Bar No: 07866000 | State Bar No. 24037064 |
| 3800 Ross Tower | 401 Congress Avenue |
| 500 North Akard Street | Suite 3050 |
| Dallas, Texas 75201 | Austin, TX 78701 |
| 214-855-7500 telephone | 512-391-6100 telephone |
| 214-855-7584 facsimile | 512-391-6149 facsimile |

**ATTORNEYS FOR APPELLEES,
CROSS-APPELLANTS**

## IDENTITY OF PARTIES AND COUNSEL

The undersigned counsel of record, pursuant to Texas Rule of Appellate Procedure 38.2, certifies that the following persons have an interest in the outcome of this case:

| | |
|---|---|
| Appellant, Cross-Appellee:<br>Appellant's, Cross-Appellee's<br>Counsel on Appeal: | Elness, Swenson, Graham Architects, Inc.<br>Weston M. Davis<br>Gregory N. Ziegler<br>Steven R. Baggett<br>Macdonald Devin, P.C.<br>1201 Elm Street<br>3800 Renaissance Tower<br>Dallas, TX 75270 |
| Appellant's, Cross-Appellee's<br>Counsel at Trial: | Weston M. Davis<br>Gregory N. Ziegler<br>Matthew Mumm<br>Macdonald Devin, P.C.<br>1201 Elm Street<br>3800 Renaissance Tower<br>Dallas, TX 75270 |
| Appellees, Cross-Appellants: | RLJ II-C Austin Air, LP<br>RLJ II-C Austin Air Lessee, LP<br>RLJ Lodging Fund II Acquisitions, LLC |
| Appellees', Cross-Appellants'<br>Counsel on Appeal: | Michael W. Huddleston<br>J. Stephen Gibson<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Ross Tower<br>500 North Akard Street<br>Dallas, Texas 75201 |

| Appellees', Cross-Appellants' Counsel at Trial: | Benton T. Wheatley |
| --- | --- |
| | Tracy McCreight |
| | Munsch Hardt Kopf & Harr, P.C. |
| | 401 Congress Avenue |
| | Suite 3050 |
| | Austin, TX 78701 |

By:    */s/ Michael W. Huddleston*

Attorney for Appellees, Cross-Appellants

iii

## STATEMENT CONCERNING ORAL ARGUMENT

Appellees and Cross-Appellants respectfully request oral argument in this case. Appellees and Cross-Appellants respectfully submit that oral argument will assist the Court in resolving the issues necessary to decide this appeal.

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................. ii

Statement Concerning Oral Argument ...................................................................... iv

Table of Contents ........................................................................................................ v

Index of Authorities ............................................................................................... viii

I.   Joint and Several Liability Is Necessary For
     "One Satisfaction" Settlement Credit. ........................................................... 1

     A.   All Courts That Have Actually Considered Whether
          Joint and Several  Liability Is Necessary Have Ruled That It Is. ......... 1

     B.   The Joint and Several Liability Requirement Is Not Satisfied
          When There Is No Potential Joint and Several Liability. ..................... 4

          1.   Joint Contractual Liability Was Not Admitted
               In RLJ's Pleading. .......................................................................... 4

               a.   Request to Impose Joint and Several Liability Included
                    Request for Joint or Several Liability. ............................... 5

                    1)   RLJ Was Seeking the Broadest Relief Possible,
                         Not to Narrow the Relief Available. ....................... 5

                    2)   The Architect Ignores RLJ's Intent Manifest in the
                         Rest of the Prayer. ................................................. 5

          2.   The Request for Relief Did Not Clearly, Deliberately and
               Unequivocally Allege Joint Contractual Liability. ...................... 6

               a.   Then-Pending Tort Claims Supported Request for
                    Imposition of Joint and Several Liability. ........................ 7

               b.   Specific Allegations Negated Joint or Common
                    Contractual Duty. ............................................................ 7

               c.   Joint and Several Liability Request Asserted a Legal
                    Conclusion  And Is Not a "Fact" That Can Be
                    Judicially Admitted. ......................................................... 8

          3.   The Architect Waived the Effect of Any Admission On
               Introduction of Evidence Showing No Joint Duty. .................... 9

     C.   Potential Joint Contractual Liability Not Presumed From
          Any Failure to Allocate Damages. ...................................................... 10

     D.   RLJ Had No Notice The Architect Would Claim Under the
          One Satisfaction Rule Credit for Contractual Liability Settlements ... 11

1.     The Architect Only Pleaded Chapter 33 Tort Contribution, Not "One Satisfaction" Settlement Contribution........................11

2.     Limiting Its Contribution Claim to Chapter 33 Only Prevents the Architect from Relying on Bases for Claiming Contribution. ..............................................12

3.     Liberal Construction Is Not a License to Infer Claims Not Alleged.........................................12

4.     There Was No Opportunity And No Need to Allocate.............13

E.     Indivisible Injury Alone Does Not Establish Joint and Several Contractual Liability or the "One Satisfaction" Settlement Credit.....15

II.     "One Satisfaction" Settlement Credit Does Not Apply to Any Contractual Liability. .......................................................................18

A.     Beware the Multiple Uses of "One Satisfaction.".................................18

1.     There Was No "One Satisfaction" Settlement Credit Until After Article 2212 Was Enacted.....................................20

2.     The Cases Cited By The Architect Did Not Involve Settlement Credits.....................................................20

3.     *Utts* Does Not Suggest That the "One Satisfaction" Settlement Credit Existed at Common Law Before Article 2212.................................................21

B.     This and Other Texas Courts Have Refused to Apply "One Satisfaction" Settlement Credits to Contractual Liability...................22

C.     *CTTI* Is Still Valid. ...........................................................................25

1.     No Later Decision Expressly Limits or Overturns *CTTI*..........25

2.     Stare Decisis and En Banc Standards Make Sub SilentioOverruling of *CTTI* Both Unthinkable and Unlikely. ..26

3.     *Pool* May Potentially Conflict with *CTTI,* But Does Not Overrule It. .............................................................27

4.     Conflicts With Other Cases. ....................................................29

D.     Extension of "One Satisfaction" Settlement Credit to Contractual Liability Prohibited by Texas Constitution Article I, Section 16. ...........................................30

III.    Conclusion ..................................................................................31

Certificate of Compliance ...............................................................33

Certificate of Service ........................................................................................33

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Aerospatiale Helicopter Corp. v. Universal Health Servs., Inc.*,
778 S.W.2d 492 (Tex. App.—Dallas 1989, writ denied) ..................................5

*Alvord v. Waggoner*,
88 Tex. 615, 32 S.W. 872 (1895) ....................................................................21

*AMX Enters., Inc. v. Bank One, N.A.*,
196 S.W.3d 202 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ...............26

*Andrews v. Harvey*,
39 Tex. 123 (1873)............................................................................................21

*Austin Home Ctr. Associates v. State*,
794 S.W.2d 593 (Tex. App.—Austin 1990, no writ) ........................................27

*Barstow v. State*,
742 S.W.2d 495 (Tex. App.—Austin 1987, writ denied)....................................7

*Bartley v. Guillot*,
990 S.W.2d 481 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) ......... 24-25

*Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins. Co. of Tex.*,
142 Tex. 630, 180 S.W.2d 906 (1944) ...............................................................5

*Bentley v. Bunton*,
94 S.W.3d 561 (Tex. 2002)................................................................................8

*Boulet v. State*,
189 S.W.3d 833 (Tex. App.—Houston [1st Dist.] 2006, no pet.)..................9, 15

*BP Am. Prod. Co. v. Marshall*,
288 S.W.3d 430 (Tex. App.—San Antonio 2008),
*rev'd on other grounds*, 342 S.W.3d 59 (Tex. 2011) ...................................2, 24

*Broughton Assoc. Joint Venture v. Boudreaux*,
709 S.W.3d 324 (Tex. App.—Waco 2002, no pet.) ..........................................13

*Burke v. Union Pac. Res. Co.*,
   138 S.W.3d 46 (Tex. App.—Texarkana 2004, pet. denied)................................29

*CBI NA-CON, Inc. v. UOP, Inc.*,
   961 S.W.2d 336 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ...............24

*Crown Life Ins. Co. v. Casteel*,
   22 S.W.3d 378 (Tex. 2000).........................................................................*passim*

*CTTI Priesmeyer, Inc. v. K&O Limited Partnership*,
   164 S.W.3d 675 (Tex. App.—Austin 2005, no pet.)...................................*passim*

*Cunningham v. Haroona*,
   382 S.W.3d 492 (Tex. App.—Fort Worth 2012, pet. denied)...........................30

*El Paso Nat. Gas v. Berryman*,
   858 S.W.2d 362 (Tex. 1993) ................................................................. 19, 29-30

*Elliott v. Newsom*,
   No. 01-07-00692-CV, 2009 WL 214551
   (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, no pet.)(mem. op.)...................9

*Emerson Elec. Co. v. Am. Permanent Ware Co.*,
   201 S.W.3d 301 (Tex. App.—Dallas 2006, no pet.) .........................................30

*Fairfield Ins. Co. v. Stephens Martin Paving LP*,
   246 S.W.3d 653 (Tex. 2004) .............................................................................31

*Fina Supply, Inc. v. Abilene Nat'l Bank*,
   726 S.W.2d 537 (Tex. 1987) .............................................................................19

*First Title Co. of Waco v. Garrett*,
   860 S.W.2d 74 (Tex. 1993)........................................................................*passim*

*Flowers v. Flowers*,
   407 S.W.3d 452 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ..................12

*Galle, Inc. v. Pool*,
   262 S.W.3d 564 (Tex. App.—Austin 2008, pet. denied) ...........................*passim*

*GE Capital Commercial Inc. v. Worthington Nat'l Bank*,
   754 F.3d 297 (5th Cir. 2014) .........................................................................2, 9

ix

*Goggin v. Grimes*,
969 S.W.2d 135 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ...................16

*Griffin v. Superior Ins. Co.*,
161 Tex. 195, 338 S.W.2d 415 (1960) .................................................................7

*Gym-N-I Playgrounds, Inc. v. Snider*,
220 S.W.3d 905 (Tex. 2007) ...............................................................................30

*Hennigan v. I.P. Petroleum Co.*,
858 S.W.2d 371 (Tex. 1993) .................................................................................7

*Heritage Gulf Coast Properties, Ltd. v. Sandalwood Apartments, Inc.*,
416 S.W.3d 642 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ...................12

*Highlands Ins. Co. v. Currey*,
773 S.W.2d 750 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ..............6

*Horizon Offshore Contractors, Inc. v. Aon Risk Servs. of Tex., Inc.*,
283 S.W.3d 53 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)...............19

*Horizon/CMS Healthcare Corp. v. Auld*,
34 S.W.3d 887 (Tex. 2000)...................................................................................6

*Houston First Am. Sav. v. Musick*,
650 S.W.2d 764 (Tex. 1983) .............................................................................6, 9

*Hunt v. Ellisor & Tanner*,
739 S.W.2d 933 (Tex. App.—Dallas 1987, writ denied)........................ 2, 22-23

*Ilami v. Rowinska*,
No. 05-07-00893-CV, 2008 WL 3522242
(Tex. App.—Dallas Aug. 14, 2008, no pet.) .......................................................8

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) ...............................................................................30

*In re Velazquez*,
660 F.3d 893 (5th Cir. 2011) ................................................................................5

*Kizer v. Meyer, Lytton, Allen & Whitaker, Inc.*,
228 S.W.3d 384 (Tex. App.—Austin 2007, no pet.)...............................19, 25, 27

*Landers v. East Texas Salt Water Disposal Co.*,
   151 Tex. 251, 248 S.W.2d 731, 734 (1952) ....................................................3, 15

*Lentz Eng'g, L.C. v. Brown*,
   No. 14-10-00610-CV, 2011 WL 4449655
   (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, no pet.)(mem. op.)...............6

*Lewis v. Taylor*,
   17 Tex. 57 (1856)...............................................................................................21

*LJ Charter, LLC v. Air America Jet Charter, Inc.*,
   No. 14-08-00534-CV, 2009 WL 4794242 (Tex. App.—Houston [14th
   Dist.] Dec. 15, 2009, pet. denied) .....................................................................2

*Madison v. Williamson*,
   241 S.W.3d 145 (Tex. App.—Houston [1st Dist.] 2007, no pet.)................19, 26

*Matthew v. Sohn*,
   13-12-00302-CV, 2013 WL 2949562
   (Tex. App.—Corpus Christi 2013, no pet.)(mem. op.) ......................................30

*Mays v. Pierce*,
   203 S.W.3d 564 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).............16

*Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*,
   606 S.W.2d 692 (Tex. 1980) ...............................................................................6

*Metal Bldg. Components, LP v. Raley*,
   No. 03-05-00823, 2007 WL 74316
   (Tex. App.—Austin Jan. 10, 2007, no pet.)............................................ 25, 27-28

*Molberg v. State*,
   No. 03-13-00330-CV, 2014 WL 904286
   (Tex. App.—Austin 2014, no pet.) .......................................................................6

*Monsanto Co. v. Milam*,
   494 S.W.2d 534 (Tex. 1973) .............................................................................7, 12

*O'Connor v. First Court of Appeals*,
   837 S.W.2d 94 (Tex. 1992)................................................................................27

*Osborne v. Jauregui, Inc.*,
   252 S.W.3d 70 (Tex. App.—Austin 2008, pet. denied) .............................*passim*

xi

*Oyster Creek Fin. Corp. v. Richwood Investments II, Inc.*,
  176 S.W.3d 307 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ......... 29-30

*Paschall v. Peevey*,
  813 S.W.2d 710 (Tex. App. – Austin 1991, writ denied) ................................... 2

*Regions Bank v. Bay*,
  No. 05–12–00531–CV, 2013 WL 5299174
  (Tex. App.—Dallas Sept. 18, 2010, no pet.)(mem. op.) ................................... 30

*Seureau v. ExxonMobil Corp.*,
  274 S.W.3d 206 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ................... 16

*Smith v. Deneve*,
  285 S.W.2d 904 (Tex. App.—Dallas 2009, no pet.) ........................................ 12

*SmithKline Beecham Corp. v. Doe*,
  903 S.W.2d 347 (Tex. 1995) ........................................................................... 12

*Stewart Title Guar. Co. v. Sterling*,
  822 S.W.2d 1 (Tex. 1992) ........................................................................ *passim*

*Storrie v. Cortes*,
  90 Tex. 283, 38 S.W. 154 (1896) .................................................................... 31

*Sun Oil Co. v. Robicheaux*,
  23 S.W.2d 713 (Tex. Comm. App. 1930) ........................................................ 17

*Utts v. Short*,
  81 S.W.3d 822 (Tex. 2002) ......................................................................... 21-22

*Walker v. Packer*,
  827 S.W.2d 833 (Tex. 1992) ............................................................................. 1

*Warren v. La Salle Co.*,
  262 S.W. 527 (Tex. Civ. App.—Austin 1924, writ dismissed w.o.j.) ................. 5

*Whitley v. King*,
  227 S.W.2d 241 (Tex. Civ. App.—Waco 1950, no writ) .................................... 8

**OTHER AUTHORITIES**

Tex. R. App. P. 41.2(c) ..................................................................................... 27

## I. JOINT AND SEVERAL LIABILITY IS NECESSARY FOR "ONE SATISFACTION" SETTLEMENT CREDIT.[1]

The settlement credit issue is whether the Architect was entitled to any settlement credit at all, not the amount. Contrary to the Architect's suggestion (Cross-Appellee's 5), applicability of the settlement credit is a legal question reviewed *de novo*, *Galle, Inc. v. Pool*, 262 S.W.3d 564, 570 n.3 (Tex. App.—Austin 2008, pet. denied). No discretion is allowed in deciding the law or applying it to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

The Architect insists, without authority, that "Texas law does not require joint and several liability for application of the one satisfaction rule" concerning settlement credits. (Cross-Appellee's 6). It also alleges that RLJ "seeks to … introduc[e] a new requirement – joint and several liability," as if that requirement were previously unknown. (Cross-Appellee's 7). Apparently, it maintains that "indivisible injury" alone is enough. (Cross-Appellee's 14-17).

### A. All Courts That Have Actually Considered Whether Joint and Several Liability Is Necessary Have Ruled That It Is.

The Texas Supreme Court, this Court (twice), the Fifth Circuit, and other Texas appellate courts recognize that "one satisfaction" settlement credits only

---

[1] The Architect fails to distinguish between the multiple differing circumstances in which the phrase "one satisfaction" is used. To avoid confusion, RLJ refers to the issue in this case as involving the "'one satisfaction' settlement credit" to distinguish it from other doctrines under the broader "one satisfaction" heading. *See* II.A., *infra*.

1

apply to joint liability. *GE Capital Commercial Inc. v. Worthington Nat'l Bank*, 754 F.3d 297, 306 (5th Cir. 2014); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex.2000); *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex.1993); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex.1992); *LJ Charter, LLC v. Air America Jet Charter, Inc.*, No. 14-08-00534-CV, 2009 WL 4794242 at *9 (Tex. App.—Houston [14th Dist.] Dec. 15, 2009, pet. denied); *BP Am. Prod. Co. v. Marshall*, 288 S.W.3d 430, 456 (Tex. App.—San Antonio 2008), *rev'd on other grounds*, 342 S.W.3d 59 (Tex.2011); *CTTI Priesmeyer, Inc. v. K&O Limited Partnership*, 164 S.W.3d 675, 684 (Tex. App.—Austin 2005, no pet.); *Paschall v. Peevey*, 813 S.W.2d 710, 712 (Tex. App. – Austin 1991, writ denied). *CTTI* specifically ruled:

> Because tortfeasors cannot be *jointly and severally liable for contract damages*, and other *contract defendants are only jointly and severally liable for breaches of contracts to which they are a party or that promise the same performance*, we … affirm the trial court's decision to deny any settlement credits.

164 S.W.3d at 685 (emphasis added).

After calling the requirement a "straw man" (Cross-Appellee's 7), the Architect later recognizes the need for joint and several liability. It argues *GE Capital* "holds only that the one-satisfaction rule requires an allegation of joint and several liability between the defendants." (Cross-Appellee's 10). The Architect also attempts to distinguish *Hunt v. Ellisor & Tanner*, 739 S.W.2d 933, 938 (Tex.

2

App.—Dallas 1987, writ denied), because "it did not involve any allegations of joint liability…." (Cross-Appellee's 18). As the Architect itself recognizes, joint and several liability is prerequisite for a "one satisfaction" settlement credit.

Allowing this credit in non-tort cases based on indivisible injury alone ignores Texas joint and several tort liability law. After *Landers v. East Texas Salt Water Disposal Co.*, joint and several *tort* liability is based solely on indivisible injury. 151 Tex. 251, 248 S.W.2d 731, 734 (1952), Thus, some post-*Landers* tort cases discuss indivisible injury requirement without mentioning joint and several liability because, post-*Landers*, in *tort* cases the former automatically satisfies the latter. The Texas Supreme Court made abundantly clear that joint and several liability is essential to receiving a "one satisfaction" settlement credit. *Casteel*, 22 S.W.3d at 390; *Garrett*, 860 S.W.2d at 78; *Sterling*, 822 S.W.2d at 8. There was no potential joint and several contractual liability here,[2] so there could be no "one satisfaction" settlement credit.[3] (Cross-Appellants' 23-29, 34-39).

---

[2] The Architect does not question that joint contractual liability requires promising the same performance. The Architect only argues that the joint liability requirement was satisfied by taking three words in the relief RLJ requested out of context while ignoring detailed allegations that the Architect and Settling Defendants breached distinct contractual duties. (Cross-Appellee's 9). Why this argument is meritless is explained in I.B., *infra.*

[3] Demonstrating the dearth of supporting authority, the Architect resorts to arguing whether such credits are available in breach of contract cases. (Cross-Appellee's 7-9). To uphold the settlement credit in this case, the Architect must prevail on *both* the joint-and-several *and* the contractual liability issues.

3

**B.** **The Joint and Several Liability Requirement Is Not Satisfied When There Is *No Potential* Joint and Several Liability.**

The specific factual allegations about the Defendants' respective contractual duties showed that there was no common undertaking. (Cross-Appellants' 25-31, 34-39). The Architect attempts, however, to create the appearance of potential joint and several liability by arguing "RLJ pled that [the Architect and the Settling Defendants] were jointly and severally liable for RLJ's *breach of contract claims*." (Cross-Appellee's 9; emphasis added). Nothing in RLJ's request specifically refers to "breach of contract claims"[4] as the Architect says. (CR202; *Id.*). Nowhere does RLJ "admit" Defendants' contractual liability was joint.

**1.** **Joint Contractual Liability Was Not Admitted In RLJ's Pleading.**

The Architect's categorical and incorrect assertion is based exclusively on three words – "jointly and severally" – in RLJ's request for relief. (CR202). RLJ pleaded tort claims against all Defendants for which joint and several liability would have been appropriate. (CR197-200). Many pages of RLJ's petition and supporting documentation detail facts showing that each Defendant's contractual duties were dissimilar and distinct. (CR192-93, 197-98, 200-01, 209-12).

---

[4] The prayer requests "judgment against the Defendants, jointly and severally, for [RLJ's] damages, interest, attorneys' fees, costs, and any other relief to which [it] may be entitled." (CR202; emphasis added).

Nevertheless, the Architect argues as if the general request for relief overrides more specific allegations and alone admits joint and several liability.

### a. Request to Impose Joint *and* Several Liability Included Request for Joint or Several Liability.

The Architect is wrong. Pleadings must be interpreted reasonably by construing words in context and allowing substance to control form. *See Warren v. La Salle Co.*, 262 S.W. 527, 531 (Tex. Civ. App.—Austin 1924, writ dismissed w.o.j.).

### 1) RLJ Was Seeking the Broadest Relief Possible, Not to Narrow the Relief Available.

The request for judgment against all "Defendants, jointly and severally" is included in a prayer seeking that and "any other relief." (CR202). In context, it cannot be reasonably interpreted to seek *only* joint liability. "And" refers to "either or both" when manifest intent and context requires. *In re Velazquez*, 660 F.3d 893, 898 (5th Cir. 2011); *see Bd. of Ins. Comm'rs of Tex. v. Guardian Life Ins. Co. of Tex.*, 142 Tex. 630, 180 S.W.2d 906, 908 (1944); *Aerospatiale Helicopter Corp. v. Universal Health Servs., Inc.*, 778 S.W.2d 492, 502 (Tex. App.—Dallas 1989, writ denied). "Jointly and severally," in context, also requested joint *or* several liability.

### 2) The Architect Ignores RLJ's Intent Manifest in the Rest of the Prayer.

Even if "and" were only conjunctive, the Architect's interpretation ignores RLJ's manifest intent. Seeking the maximum relief available, RLJ requested "any

5

other relief to which [it] may be entitled." Read reasonably and in that context, the prayer did not *only* seek to hold the defendants jointly liable. It also included an assertion of several liability. Therefore, the request that the Defendants be "jointly and severally" liable was pleaded alternatively, not unequivocally, that the Defendants' contractual liability was only joint.

To be judicially admitted, a fact allegedly must be alleged deliberately, clearly and unequivocally. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex.2000); *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex.1980). Only "'[a]ssertions of fact, *not pled in the alternative*, in [a party's] live pleadings'" may be judicial admissions. *Molberg v. State*, No. 03-13-00330-CV, 2014 WL 904286 at *2 (Tex. App.—Austin 2014, no pet.)(quoting *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983); emphasis added). RLJ's request for relief was, at most, equivocal and could not judicially admit joint liability.

### 2. The Request for Relief Did Not Clearly, Deliberately and Unequivocally Allege Joint *Contractual* Liability.

This is especially true when the entire pleading is considered, as it must be when deciding whether it is sufficiently clear, deliberate, and unequivocal to judicially admit a fact. *Lentz Eng'g, L.C. v. Brown*, No. 14-10-00610-CV, 2011 WL 4449655, at *1 (Tex. App.—Houston [14th Dist.] Sept. 27, 2011, no pet.)(mem. op.); *see, e.g., Highlands Ins. Co. v. Currey*, 773 S.W.2d 750, 755

6

(Tex. App.—Houston [14th Dist.] 1989, writ denied)(no admission in motion when party specifically denied the same fact in its answer); *Barstow v. State*, 742 S.W.2d 495, 509 (Tex. App.—Austin 1987, writ denied)(no admission when motion contained conflicting statements). "[M]ere mistake or slip of the tongue must be eliminated" before a statement may be treated as a judicial admission. *Hennigan v. I.P. Petroleum Co.*, 858 S.W.2d 371, 372 (Tex.1993)(quoting *Griffin v. Superior Ins. Co.*, 161 Tex. 195, 338 S.W.2d 415, 419 (1960)).

### a. Then-Pending *Tort* Claims Supported Request for Imposition of Joint and Several Liability.

RLJ alleged pending *tort* claims so that including a request for joint and several liability was appropriate for those claims. It does not necessarily or even reasonably follow that such request must have also included *contractual* liability.

### b. Specific Allegations Negated Joint or Common Contractual Duty.

This is further illustrated because the specific facts alleged contradict any inference that RLJ admitted joint liability. Reasonable interpretation means specific allegations control more general averments. *Monsanto Co. v. Milam*, 494 S.W.2d 534, 536 (Tex.1973). RLJ alleged breaches of distinct contractual obligations by the Soils Engineer (CR192, 211-212), General Contractor (CR192), and the Architect. (CR192, 205-07). These factual averments eliminated as a matter of law any potential joint contractual liability. (Cross-Appellants' 25-28,

7

35-39). Even the Architect agreed that its responsibilities were different. According to its closing argument, "An architect is not an engineer [or] … a general contractor." (10RR33). "Architects do not … and cannot second-guess engineers." (10RR34). The specific factual allegations, therefore, control the general relief requested over whether the contractual liability alleged was joint.

### c. Joint and Several Liability Request Asserted a Legal Conclusion And Is Not a "Fact" That Can Be Judicially Admitted.

Whether liability is joint and several is a legal conclusion, not a factual assertion. *See Bentley v. Bunton*, 94 S.W.3d 561, 619 (Tex.2002)(conspiracy finding "requires the legal conclusion to impose joint and several liability"); *Ilami v. Rowinska*, No. 05-07-00893-CV, 2008 WL 3522242, at *2 (Tex. App.—Dallas Aug. 14, 2008, no pet.)("defendants are jointly and severally liable" is a "legal conclusion"). "The mere fact that plaintiffs incidentally inserted in their petition the *legal conclusion* that '[the defendant], under the facts alleged, is further liable to plaintiffs, jointly and severally, in his individual capacity' did not in any respect change or alter the nature and character of the cause of action otherwise asserted …." *Whitley v. King*, 227 S.W.2d 241, 244 (Tex. Civ. App.—Waco 1950, no writ)(emphasis added).

Even if the request had "admitted" potential joint contractual liability, it would not have been binding because it concerned a question of law, not fact.

8

*Boulet v. State,* 189 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Admission of a legal conclusion has no legal effect. *Elliott v. Newsom*, No. 01-07-00692-CV, 2009 WL 214551, at *2 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, no pet.)(mem. op.).

### 3. The Architect Waived the Effect of Any Admission On Introduction of Evidence Showing No Joint Duty.

Further, the Architect waived reliance on any such admission by permitting the introduction of contradictory evidence without objecting that the matter had been conclusively established. "The party relying on his opponent's pleadings as judicial admissions of fact, however, must protect his record by objecting to the introduction of evidence contrary to that admission…." *Musick*, 650 S.W.2d at 769.

When RLJ introduced evidence precluding any joint contractual liability, the Architect never asserted it was barred by judicial admission. (Cross-Appellants' 7-11, 34-38). For this additional reason, there is no judicial admission of joint contractual liability. Without allegation of or evidence showing a joint contractual liability, there is no distinction between this case and *GE Capital*.[5] Neither involved pleadings for potential joint contractual liability.

---

[5] The Architect asserts that RLJ argues the "one satisfaction" settlement credit "only applies if there is a *finding* of joint and several liability between the defendants." (Cross-Appellee's 10). RLJ made no such argument. When Chapter 33 does not apply, there is no mechanism for obtaining any liability finding about a settling party's liability. RLJ

9

**C. Potential Joint *Contractual* Liability Not Presumed From Any Failure to Allocate Damages.**

Without potential joint contractual liability in this case, no duty to allocate ever arose. The Architect acknowledges (Cross-Appellee's 11) there must first be "some damages for which there could be joint and several liability." *CTTI*, 164 S.W.3d at 685, n.3. Nevertheless, it dismisses *CTTI* as merely "explain[ing] the burden[-]shifting procedure" for "one satisfaction" settlement credits. (Cross-Appellee's 12). The Architect ignores that the *CTTI* footnote it cites concludes:

> [t]his burden shifting applies *only* where there are at least some damages for which there could be *joint and several* liability. *Because ... there can be no damages for which CTTI is jointly liable with other settling parties, K & O had no burden to allocate…*.

*Id.* (emphasis added). *CTTI* rejected the Architect's suggestion (Cross-Appellee's 11-13) that the duty to allocate arises regardless of whether the potential liability would be joint. Failure to allocate does not otherwise make "joint" a separate settled liability. There must be a potential joint liability before allocation is necessary. According to the Architect, it had no common contractual duty with any Settling Defendant. (10RR33-39).

---

does not quarrel whether the joint and several liability requirement is satisfied by allegation or introduction of evidence supporting such liability. It need not do so. Neither happened in this case. Rather, the pleading and the evidence showed that there was no possibility, as the Architect itself argued to the jury (Cross-Appellants' 38-39), that the Architect's and the Settling Defendants' liability could have arisen from any common contractual duty. (Cross-Appellants' 34-38).

**D. RLJ Had No Notice The Architect Would Claim Under the One Satisfaction Rule Credit for Contractual Liability Settlements.**

Further, RLJ had no notice of any need to allocate because the Architect never pleaded for any "one satisfaction" settlement credit. The Architect asserts that its answer, "construed liberally … *did* provide notice of ESG's intent to reduce any damage award based on sums received [from] other settling parties" (Cross-Appellee's 28), and that RLJ was at fault for not "request[ing] … an 'opportunity' to … apportion[] its damages." (Cross-Appellee's 3, 26). (*Id.*).

**1. The Architect Only Pleaded Chapter 33 *Tort* Contribution, Not "One Satisfaction" Settlement Contribution**

The Architect's selective quote from its answer[6] omits its explicit limitation to a *Chapter 33* settlement credit. The Architect pleaded:

> Alternatively, if the economic loss rule does not completely bar all of Plaintiffs' *tort* claims, then, *pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code*, Defendants are entitled to a credit for any settlement Plaintiffs receive from any other person or entity. If Plaintiffs settle with any other person or entity, then Defendants

---

[6] Attempting to create the appearance of pleading for a "one satisfaction" settlement credit implicitly acknowledges the Texas Rule of Civil Procedure 94 obligation to plead for it affirmatively. Under 2212, it was unnecessary to affirmatively plead for the "one satisfaction" settlement credit because no fact issue was potentially presented. The credit was fixed by statute on a *per capita* basis. (Cross-Appellants' 22). Under modern practice, a "one satisfaction" settlement credit is not fixed and must be pleaded as an affirmative defense under Rule 94. (Cross-Appellants' 57-59). Cases stating generally that it is unnecessary to plead the "one satisfaction" settlement credit appear to have uncritically adopted language from cases decided when the credit amount was fixed by article 2212.

11

*reserve the right to make a written election of credit for settlement under §33.014 of the Texas Civil Practice and Remedies Code.*[7]

(CR47; emphasis added).

### 2. Limiting Its Contribution Claim to Chapter 33 Only Prevents the Architect from Relying on Bases for Claiming Contribution.

Specific allegations control general assertions. *Monsanto Co.*, 494 S.W.2d at 536. Pleading a particular ground precludes reliance on others not alleged. *Heritage Gulf Coast Properties, Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 660 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Smith v. Deneve*, 285 S.W.2d 904, 916 (Tex. App.—Dallas 2009, no pet.). The Architect's pleading cannot be reasonably read to request a "one satisfaction" settlement credit.

### 3. Liberal Construction Is Not a License to Infer Claims Not Alleged.

Liberal construction is not a "license to read into [a pleading] a claim that it does not contain." *Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.). It only allows that which may be "reasonably inferred from what is specifically stated." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex.1995). Allegation of a "one satisfaction" settlement credit against *contractual* liability cannot be inferred from the Architect's pleading for Chapter 33 *tort* contribution.

---

[7] This section was repealed September 1, 2003, nine years before the Architect's Second Amended Answer. (CR46).

This is especially true because, when the Architect asserted Chapter 33 contribution, RLJ's tort claims were still pending. (CR197-200). The trial court only later rendered a take-nothing summary judgment on those claims. (CR1710). After the trial court disposed of the tort claims, RLJ settled with the Settling Defendants. (Cross Appellants' 11). The Architect never pleaded or otherwise gave RLJ any notice it would seek a "one satisfaction" settlement credit.[8]

### 4. There Was No Opportunity And No Need to Allocate.

The Architect further asserts that RLJ now attempts to "show allocation of damages *on appeal* despite the fact that [it] presented no such evidence *to the trial court.*" (Cross-Appellee's 2). This is incorrect for several reasons. "A party cannot waive a right before [it] is in a position to assert it." *Broughton Assoc. Joint Venture v. Boudreaux*, 709 S.W.3d 324, 328 (Tex. App.—Waco 2002, no pet.). Without notice the Architect was claiming a "one satisfaction" settlement credit for contractual liability, RLJ can hardly be faulted for not allocating.[9]

---

[8] Because the Architect failed to plead the "one satisfaction" settlement credit, its arguments concerning laches (Cross-Appellee's 29) are founded on an incorrect premise and need not be considered further.

[9] If allocation was necessary, the Architect's delay until after trial in raising the "one satisfaction" settlement credit issue deprived RLJ of its right to have the jury resolve all fact issues. This delay alone foreclosed the application of the one satisfaction rule due to laches. (Cross-Appellants' 58-59). The Architect's contention that laches as an avoidance was waived by not being pleaded is baseless because the Architect never pleaded for any contractual liability contribution defense. RLJ specifically asserted laches when the issue arose post-trial. (CR1817). The Architect never objected this avoidance was untimely. (CR1633-39).

13

The lynchpin of the Architect's allocation argument was that RLJ's petition asserted potential joint and several contractual liability. As shown here and previously (Cross-Appellants' 34-39), it did no such thing. The Architect never satisfied its "initial burden to show that there are 'at least some damages for which there could be joint and several liability.'" (Cross-Appellee's 12; *see also* Cross-Appellee's 27). The need to allocate never arose.

The Architect further misapprehends *what* must be allocated. It argues incorrectly RLJ had "to show allocation of *damages* applicable only to ESG." (Cross-Appellee's 12; emphasis added; *see also* Cross-Appellee's 27). Actually, allocation is only required for *settlement proceeds*, not the non-settling defendant's *damages*. *CTTI*, 164 S.W.3d at 675, n.3.

Even if it were necessary to allocate to specifically identify those damages for which the Architect was liable, the jury's verdict did that. (Cross-Appellants' 40-47). The charge only asked about the damages from the Architect's failure to comply with *its own* contractual obligations, *not* for all damages resulting from all Defendants' alleged breaches. (CR1127; App.B). According to this Court and the Texas Supreme Court, the "one satisfaction" settlement credit would not apply for this reason alone.

> The ["one satisfaction" settlement credit] rule guards against a plaintiff receiving a windfall "by *recovering an amount in court that covers the plaintiff's entire damages*, but to which a settling defendant has already partially contributed. The plaintiff would otherwise be

recovering an amount greater than the trier of fact has determined would fully compensate for the injury."

*Osborne v. Jauregui, Inc.*, 252 S.W.3d 70, 75 (Tex. App.—Austin 2008, pet. denied)(quoting *First Title Co. v. Garrett*, 860 S.W.2d 74, 78 (Tex.1993)).

RLJ questions whether the "one satisfaction" settlement credit applies at all. It does not question whether, if the Architect was entitled to such a credit, the trial court correctly calculated the amount. The Architect's discussion of allocation is ultimately an immaterial diversion.

**E.     Indivisible Injury Alone Does Not Establish Joint and Several *Contractual* Liability or the "One Satisfaction" Settlement Credit.**

The Architect's confusion continues into its indivisible injury argument. There, the Architect again asserts judicial admission as substitute for a non-existent fact. It urges RLJ judicially admitted the injury in this case was indivisible. (Cross-Appellee's 14). An injury is "indivisible" when, by its very nature, it cannot be apportioned with reasonable certainty to the individual wrongdoers. *Landers* v. 248 S.W.2d at 734. Whether an injury is indivisible is a question of law that cannot be established by admission. *Boulet*, 189 S.W.3d at 838.

Legal injury cannot be conflated with damages. They are separate and distinct. A legal injury consists of the invasion to a claimant's legally protected rights. *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226-227 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Goggin v. Grimes*, 969 S.W.2d 135, 137 (Tex.

App.—Houston [14th Dist.] 1998, no pet.). For contract breaches, the legal injury is failing or refusing to do something a party promised. *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). By definition, the "injury" in a contract case in which there is no joint or common contractual duty and no joint liability is not "indivisible" as it is in tort cases.

However, even assuming *arguendo* that the "injury" here could be treated as "indivisible" *sans* a common contractual duty, that alone is not enough to establish entitlement to a "one satisfaction" settlement credit. The settlement must have also been for the same *damages* assessed against the non-settling defendant. *Casteel*, 22 S.W.3d at 391; *CTTI*, 164 S.W.3d at 675, n.3. The jury was not asked the amount of damages resulting from breaches by all defendants – only those of the *Architect.* (CR1127; App.B). The Architect points to the general release of all past and future claims arising out of the Project to suggest overlapping damages (Cross-Appellee's 3-4) even though the damages question was limited to those caused by the Architect. (CR1127; App.B). As the Architect itself previously urged, joint liability is based on the liability *alleged*, not the liability released. (Cross-Appellee's 10-13). Further, every prudent litigant will obtain a release of all claims that were or could have been asserted. The scope of the release will always be broader than the settlor's alleged liability.

16

The Architect's allocation argument is but an attempt to bolster its complaint that the damages evidence was legally insufficient. (Appellant's 36-57). The Architect maintains the jury could not "allocate" damages unless a witness particularly attributed to it a specific sum of damages it alone caused. (Cross-Appellee's 15). Among the reasons this argument is meritless (Appellees' Amended 61-62), is that it requires a return to the now-rejected rule of *Sun Oil Co. v. Robicheaux*, 23 S.W.2d 713, 715 (Tex. Comm. App. 1930)(judgment adopted), barring recovery if the claimant failed to establish the damage caused by each defendant. Ironically, the "one satisfaction" settlement credit the Architect sought was created in response to the statute rectifying the very same "intolerable burden." (Cross-Appellants' 21).

If the Architect wanted a jury determination of an amount of damages that included those caused by the Settling Defendants, it was obliged to properly preserve that complaint. Any necessity for allocation of damages was not related to the elements of RLJ's recovery as the Architect suggests (Cross-Appellee's 26), but to the Architect's post-verdict claim for a "one satisfaction" settlement credit. The Architect did not assert that issue by affirmative pleading as required. (*See* n. 6, *supra.*; Cross-Appellants' 57-58).

It did not preserve for complaint any failure of the charge to obtain a finding about whether damages overlapped. (Cross-Appellants' 56-57). Such a finding was

necessary to trigger any alleged duty to allocate. *CTTI*, 164 S.W.3d at 675, n.3. In addition to having no joint contractual liability with any Settling Defendant, the Architect failed to show that any settlement proceeds were for the injury or the same damages as those assessed against the Architect. The Architect was, therefore, not entitled to a "one satisfaction" settlement credit for these reasons.

## II. "ONE SATISFACTION" SETTLEMENT CREDIT DOES NOT APPLY TO ANY CONTRACTUAL LIABILITY.

The Architect also deserved no "one satisfaction" settlement credit because it is not available for contractual liabilities. The credit is limited to cases of joint *tort* liability. (Cross-Appellants' 19-25). Yet, the Architect contends that there is an overarching common law "one satisfaction" settlement credit available beyond that created in response to article 2212. Actually, the common law generally allowed neither joint and several liability nor claims for contribution. (Cross-Appellants' 20-21). Nevertheless, the Architect infers from pre-article 2212 cases containing the phrase "one satisfaction" a pre-existing common law "one satisfaction" settlement credit. (Cross-Appellee's 6 n.2).

## A. Beware the Multiple Uses of "One Satisfaction."

Texas cases have used the phrase "one satisfaction" for at least three distinct purposes: 1) limiting recovery to the *judgment* amount in later enforcement suits, e.g., *El Paso Nat. Gas v. Berryman*, 858 S.W.2d 362, 364 (Tex.1993)(alleged alter ego had no derivative liability if judgment against alleged principle fully paid);

18

2) describing the election of remedies necessary for formulating the judgment when damages for indivisible injury are awarded or recovered under multiple recovery theories, *Madison v. Williamson*, 241 S.W.3d 145, 159 (Tex. App.—Houston [1st Dist.] 2007, no pet.); and 3) describing the settlement credit created in response to article 2212 to limit the *amount* of recoverable damages recoverable when a potentially liable defendant settles its tort liability before judgment. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991).

The election-of-remedies "one satisfaction" bars recovery if plaintiff elects to recover or has obtained judgment under a different theory of liability for the same wrong, regardless of whether it would exceed the loss. *See Fina Supply, Inc. v. Abilene Nat'l Bank*, 726 S.W.2d 537, 541 (Tex.1987); *Horizon Offshore Contractors, Inc. v. Aon Risk Servs. of Tex., Inc.*, 283 S.W.3d 53, 60 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *e.g.*, *Kizer v. Meyer, Lytton, Allen & Whitaker, Inc.*, 228 S.W.3d 384, 392, n.3 (Tex. App.—Austin 2007, no pet.)(second action's judgment might be barred by recovery in previous judgment). The "one satisfaction" judgment rule does not concern the amount of damages that can be awarded by a *forthcoming* judgment, only the amount recoverable from a judgment debtor or those in privity under an *existing* judgment.

This case involves neither of those rules. Instead, it involves the "one satisfaction" *settlement credit* created in response to legislation overturning the

19

common-law rule prohibiting contribution among tortfeasors. As the Texas Supreme Court explained in *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex.1991),

> [The judgment debtor] alleges that it is entitled to an off-set from the settlement under the one satisfaction rule. This doctrine developed at common law from the interpretation and application of [article 2212,] the original contribution statute. *This common law development was necessary, because the statute did not address the implications of a partial settlement on contribution*.

(Emphasis added); *see also* Cross-Appellants' 20-22.

### 1. There Was No "One Satisfaction" Settlement Credit Until After Article 2212 Was Enacted.

Without acknowledging the different purposes for which courts use "one satisfaction," the Architect infers from pre-article 2212 cases containing that expression that a common law settlement credit previously existed even if recovery was for a non-tort liability. The Architect declares, "The Texas Supreme Court began enforcing the one-satisfaction rule as early as 1856." (Cross-Appellee's 6). While that is true for the "one satisfaction" of judgment rule and election-of-remedies rule, it is *untrue* for the "one satisfaction *settlement credit*."

### 2. The Cases Cited By The Architect Did Not Involve Settlement Credits.

None of the three cases the Architect cites involved settlement, a settling party, or reduction of a damage award. *Lewis v. Taylor*, 17 Tex. 57, 59 (1856) involved the "one satisfaction" of judgment rule, holding that a judgment creditor

20

was not entitled to recover more than the judgment amount in a suit against the debtor's bond surety. *Alvord v. Waggoner*, 88 Tex. 615, 32 S.W. 872, 873 (1895), concerned the "one satisfaction" election of remedies when it observed that a grantee could sue each of his successors in title for breach of the general warranty deed, but "could have but one satisfaction of his damages." The opinion in *Andrews v. Harvey*, 39 Tex. 123 (1873), contains no reference whatever to any "one satisfaction" rule. "One satisfaction" appears only in the summary of the losing party's argument, which preceded opinions in Texas Reports. *See* 1 Tex. Preface. And that reference appears to be to the *election-of-remedies* "one satisfaction." None of these cases show a "one satisfaction" settlement credit existed before article 2212.

### 3. *Utts* Does Not Suggest That the "One Satisfaction" Settlement Credit Existed at Common Law Before Article 2212.

From the fallacious premise that settlement contributions under the one-satisfaction rule antedated article 2212, the Architect urges that in *Utts v. Short*, 81 S.W.3d 822, 831-32 (Tex.2002), "[t]he [Texas] Supreme Court explained that Texas' statutory contribution scheme *upholds* the broader one-satisfaction rule rather than supersedes the common law one-satisfaction rule." There are numerous erroneous assumptions underlying this suggestion.

Creating a specific settlement credit in response to article 2212 would have been unnecessary if a common-law "one satisfaction" settlement credit already existed. Further, the cited passage from *Utts* was only the opinion of Justice Baker, not a majority of the court. *Id*. at 824. Finally, *Utts* involved a tort claim governed by the Chapter 33 contribution statute. It presented no question whether Chapter 33 supplanted a pre-existing common-law settlement credit other than the "one satisfaction" settlement credit created in response to article 2212, which only applied to tort cases. *Id*. at 825.

B.  **This and Other Texas Courts Have Refused to Apply "One Satisfaction" Settlement Credits to Contractual Liability.**

To bolster its contention that "one satisfaction" settlement credits apply to contractual liabilities, the Architect sweepingly but incorrectly declares "neither this Court nor any other appellate jurisdiction in Texas holds that the one-satisfaction rule is limited by the particular cause of action asserted." (Cross-Appellee's 7).

In *CTTI Priesmeyer, Inc. v. K & O Ltd. Partnership*, 164 S.W.3d 675, 683-84 (Tex. App.—Austin 2005, no pet.), this Court noted that the Dallas appellate court in *Hunt v. Ellisor & Tanner*, 739 S.W.2d 933, 938 (Tex. App.—Dallas 1987, writ denied), ruled a breach of contract claim does not support comparative causation. The Architect attempts to distinguish *Hunt* by urging "that it did not involve any allegations of joint liability and indivisible damages…." (Cross-

22

Appellees' 18). If *Hunt* meant the one satisfaction rule applies to contractual liabilities, then it nevertheless requires joint and several liability. Either way, *Hunt* supports RLJ's contention that the trial court erroneously gave the Architect credit for the sums paid by the Settling Defendants either because the "one satisfaction" settlement credit does not apply to contractual liability at all or does not apply if the potential contractual liability is not joint.

Even more to the point, *CTTI* discussed *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1 (Tex.1991), *First Title Co. of Waco v. Garrett*, 860 S.W.2d 74 (Tex.1993), and *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex.2000) – the post-*Hunt* Texas Supreme Court cases analyzing the availability of settlement credits under the one satisfaction rule. *CTTI* observed that in each of those cases the liable and settling defendants were joint tortfeasors. It pointed out that the Texas Supreme Court had observed in *Casteel*:

> Under the one satisfaction rule, the nonsettling defendant may only claim a credit based on the damages for which all *tortfeasors* are jointly liable.... [T]he nonsettling defendant is entitled to offset any *liability for joint and several damages* by the amount of common damages paid by the settling defendant, but not for any amount of separate or punitive damages paid by the settling defendant.

*CTTI*, 164 S.W.3d at 684 (quoting *Casteel*, 22 S.W.3d at 391-92; emphasis added).

Without explanation, the Architect nevertheless declares *CTTI*'s "holding itself acknowledges and allows for the application [of one satisfaction settlement credits] to breach of contract claims." (Cross-Appellee's 12, n. 4). In reality, *CTTI*

23

"conclude[d] that the one satisfaction rule applies *only to tort claims, not to breach of contract claims*." *Id.* (emphasis added). This Court could not have been more clear.

*CTTI* is not an isolated example. *CBI NA-CON, Inc. v. UOP, Inc.*, 961 S.W.2d 336, 339 (Tex. App.—Houston [1st Dist.] 1997, pet. denied), also categorically ruled "[c]ontribution is allowed in Texas *only* among joint tortfeasors." *Id.* at 339[10]; *accord, Marshall*, 288 S.W.3d at 456 ("A nonsettling defendant may only successfully urge the one satisfaction rule when there are joint tortfeasors"). *CBI* explained "the only way [C]hapter 33 could apply is if [the plaintiff] had a negligence claim, breach of warranty claim … or a strict products liability claim" because "[a] breach of contract claim is not a basis for contribution under Chapter 33." *Id.* at 339, 341. *Bartley v. Guillot*, 990 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. denied), also disallowed a "one satisfaction" settlement credit because "any set-off [the liable defendant] may be entitled to receive must come from another *tortfeasor*, not … a party merely involved by contract." *Id.* These decisions further illustrate that "one satisfaction" settlement credits apply only to joint *tort*, *not contractual*, liabilities.

---

[10] Despite the assertion of a *general* right of contribution for all the claims asserted against UOP, the court deemed it necessary only to consider Chapter 33. It could not have based its disposition on Chapter 33 alone if there were a common-law contribution right. Thus, *CBI* also rebuts the Architect's contentions that joint and several liability is not required and that there is an overarching common-law contribution right beyond Chapters 32 and 33.

**C.** *CTTI* **Is Still Valid.**

Without acknowledging or considering origin or purpose of the "one satisfaction" settlement credit, the Architect assails generally the notion it only applies to tort liability and attacks in particular the continuing vitality of *CTTI* based on four later decisions by this Court. (Cross-Appellee's 12, n.4).

**1.    No Later Decision Expressly Limits or Overturns *CTTI*.**

Two of these opinions make no mention of *CTTI* whatever. *Kizer v. Meyer, Lytton, Alen & Whitaker, Inc.*, 228 S.W.3d 384, 392 n.3 (Tex. App. – Austin 2007, no pet.); *Metal Bldg. Components, LP v. Raley*, No. 03-05-00823, 2007 WL 74316 (Tex. App.—Austin Jan. 10, 2007, no pet.). *Galle, Inc. v. Pool*, 262 S.W.3d 564, 573-74 (Tex. App.—Austin  2008, pet. denied), and *Osborne v. Jauregui, Inc.*, 252 S.W.3d 70, 75 (Tex. App.—Austin 2008, pet. denied)(en banc), cite *CTTI*, but not concerning whether the "one satisfaction" settlement credit applies to contractual liability. Neither *Pool* nor *Osborne* discuss *CTTI*'s explanation why the "one satisfaction" settlement credit was created or analyzes why that reason and the Texas Supreme Court authorities on which *CTTI* relied meant the credit was limited to joint *tort* liability.

Using the identical language, *Pool* and *Osborne* cite general boilerplate originating in *election-of-remedies* cases, *Madison*, 241 S.W.3d at 159, that the "one satisfaction" rule applies regardless of theory of recovery when multiple

25

defendants commit the same or "technically" different acts resulting in the same injury. *Pool,* 262 S.W.3d at 573; *Osborne,* 252 S.W.3d at 75. Both *Pool* and *Osborne* cite *Stewart, Sterling, Garrett,* and *Casteel – tort* cases that had no reason to address non-tort liability. Nothing in *Pool* or *Osborne* reflects an actual awareness that *CTTI* disallowed "one satisfaction" settlement credits for contractual liabilities. Neither opinion suggests conscious or overt rejection of *CTTI*'s holding.

Pool and *Osborne* relied on *AMX Enters., Inc. v. Bank One, N.A.,* 196 S.W.3d 202, 206 (Tex. App.—Houston [1st Dist.] 2006, pet. denied), for the proposition that "[t]he application of the rule is not limited to tort claims and … depends not on the cause of action asserted but rather the injury sustained." *AMX* relied on *Sterling* as support:

> There can be but one recovery for one injury, and the fact that more than one defendant may have caused the injury *or that there may be more than one theory of liability,* does not modify this rule.

822 S.W.2d at 8. *AMX* ignored that *Sterling* was a *tort* case applying article 2212, the original contribution statute, *id.* at 5, and involved no potential contractual liability.

### 2. *Stare Decisis* and *En Banc* Standards Make *Sub Silentio* Overruling of *CTTI* Both Unthinkable and Unlikely.

Conscious, but surreptitious, overruling of *CTTI* would have been irreconcilable with respect for *stare decisis, see Austin Home Ctr. Associates v.*

26

*State*, 794 S.W.2d 593, 595 (Tex. App.—Austin 1990, no writ), and the established practice of explicit, *en banc* resolution of conflicting opinions. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 96 (Tex.1992); *see also* Tex. R. App. P. 41.2(c). It is inconceivable this Court would treat *CTTI* in the cavalier manner the Architect suggests had it been concerned in *Pool* or *Osborne* about conflict with *CTTI*. It would not have left its resolution to the soothsaying of litigants.

### 3.     *Pool* **May Potentially Conflict with** *CTTI*, **But Does Not Overrule It.**

No later decisions suggests this Court overruled *CTTI*. *Kizer*, 228 S.W.3d at 392 n.3, involved successive suits against a single defendant, not a "one satisfaction" settlement credit. Without mentioning *CTTI*, the Court observed hypothetically that "potential recovery on [a later] breach of contract claim … might well be barred by [a previous recovery under] the one satisfaction rule which prohibits more than one recovery for a given harm." *Id*. *Kizer* did not address whether a "one satisfaction" settlement credit applied to contractual liability.

In *Raley*, the plaintiff sued in tort to enforce a previous judgment imposing a contract against alleged alter egos of, and recipients of alleged fraudulent property transfers from, the original judgment debtor. 2007 WL 74316 at *3, 13. In response to the plaintiff's misunderstanding about the nature of the liability in the enforcement suit, *Id*. at *18, Justice Patterson stated in *dicta* that credit under "[t]he one satisfaction rule is consistent with principles of contract law, which

27

preclude a non-breaching party from recovering damages … that would put [it] in a better position than it would have been had the contract been fully performed." *Id.* at 19, n. 22. The court did not and could not rule the liable defendant was entitled to a "one satisfaction" settlement credit for contract liability because the liability in the case before the court was based on a tort.

As already discussed, *Osborne* simply recited the standard "boilerplate" from cases that imported the *election-of-remedies* "one satisfaction" rule, *see* II.C.1, *supra.*, and mingled it with the observation in tort cases that the "one satisfaction" settlement credit was available because of the nature of the injury, not the cause of action. It neither expressly nor implicitly overruled *CTTI*.

*Pool*, on the other hand, at least superficially conflicts with *CTTI* because it applied the "one satisfaction" settlement credit to dispose of an alternative contractual liability theory. 262 S.W.3d at 574. Regardless of whether doing so was necessary, the *Pool* opinion did not overtly consider 1) the original need for the "one satisfaction" settlement credit; 2) the "rule" about application regardless of theory of recovery is properly limited to election-of-remedy, not settlement credit, cases; or 3) the first case expanding "one satisfaction" settlement credits beyond tort cases relied on *Berryman* – an *election-of-remedies* case. (Cross-Appellants' 49-50).

Even if a conflict existed between *CTTI* and *Pool*, *CTTI* controls. *CTTI* expressly considered and independently analyzed whether the "one satisfaction" settlement credit applied in contract cases. The opinion in *Pool* did not. Presumably, the parties in *Pool* did not alert the court that cases holding the "one satisfaction" rule applied regardless of liability theory were election-of-remedies, not settlement credit, cases.

### 4.    Conflicts With Other Cases.

RLJ acknowledged that there are cases saying the "one satisfaction" settlement credit applies to more than tort cases. (Cross-Appellants' 48). Two such cases cited by the Architect – *Oyster Creek Fin. Corp. v. Richwood Investments II, Inc.*, 176 S.W.3d 307, 328 (Tex. App.—Houston [1st Dist.] 2004, pet. denied), and *Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 70, (Tex. App.—Texarkana 2004, pet. denied) – this Court expressly declined to follow because they "have not discussed the requirement of joint liability." *CTTI*, 164 S.W.3d at 685. The Architect's cited decisions (Cross-Appellee's 7-8, 22) make no attempt to reconcile observations about allowing credits for a non-tort liability with the reasons why the "one satisfaction" settlement credit was created[11] – reasons that only existed in tort cases.[12]

---

[11] *Cunningham v. Haroona*, 382 S.W.3d 492 (Tex. App.—Fort Worth 2012, pet. denied), involved a medical malpractice wrongful death claim, so there was no reason to consider whether the "one satisfaction" settlement credit applied to breach-of-contract liability.

**D.** **Extension of "One Satisfaction" Settlement Credit to Contractual Liability Prohibited by Texas Constitution Article I, Section 16.**

Texas strongly favors parties' freedom of contract. *Gym-N-I Playgrounds, Inc. v. Snider*, 220 S.W.3d 905, 912 (Tex.2007). Generally, parties are entitled to consensually allocate risks and rewards by contract as they wish so long as there is no public policy violation. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 & n. 11 (Tex.2004). It is difficult to imagine a greater infringement than involuntarily transferring a party's contract rights to benefit a wrongdoer who was not a party to that agreement. Yet, the Architect argues Texas's constitutionally guaranteed contractual freedom only applies to statutory restrictions. The Texas Supreme Court perceived no such limitation when it considered this right paramount to a court-recognized public policy against insuring exemplary

---

*AMX*, like *Berryman*, involved no "settlement" but was a case about what derivative liability remained when a jointly liable party paid part of the alleged debt. In *Regions Bank v. Bay*, No. 05–12–00531–CV, 2013 WL 5299174 at *4 (Tex. App.—Dallas Sept. 18, 2010, no pet.)(mem. op.), the plaintiff conceded the settlement was for the same loss and the opinion did not discuss applicability to contract liability. *Emerson Elec. Co. v. Am. Permanent Ware Co.*, 201 S.W.3d 301, 314 (Tex. App.—Dallas 2006, no pet.), involved an uncritical application of misguided language from *Oyster Creek* to support application of the "one satisfaction" settlement credit to a breach of contract case.

[12] *Matthew v. Sohn*, 13-12-00302-CV, 2013 WL 2949562 (Tex. App.—Corpus Christi 2013, no pet.)(mem. op.), involved whether the non-settling defendant was entitled to a credit against DTPA liability from a settlement with a defendant sued for alleged tort liability. The court ruled it was solely because of an indivisible injury. *Id.* at *5. It did not consider application to contract liability.

damages. *Fairfield Ins. Co. v. Stephens Martin Paving LP*, 246 S.W.3d 653, 664 (Tex.2004).

Restricting the guarantee to statutes is based on the federal parallel, *Storrie v. Cortes*, 90 Tex. 283, 287, 38 S.W. 154, 156 (1896), because, being located in Article I, it only limited legislative power. The Texas freedom-of-contract provision is contained in the Bill of Rights and limits the power of state government generally. "No … law impairing the obligations of contract shall be made" by any branch, not just the Legislature. Tex. Const. art. I, §16.

The Architect also argues that art. I, §16 does not apply because a "one satisfaction" settlement credit is not a retroactive law. It reasons "the rule was in existence long before any contract at issue." (Cross-Appellee's 25). This argument begs the question this case presents: does any such rule apply to breach of contract claims? In light of the cases holding it does not, *see* II.B., *supra.*, it can hardly be deemed an "undisputed" rule whose existence was certain. It cannot be deemed part of the settling parties' agreement.  If it were, it would operate retroactively and unconstitutionally.

## III.   CONCLUSION

For the foregoing reasons and those stated in RLJ's previously-filed briefs, the court should grant the relief RLJ has requested therein and all other relief to which RLJ may be justly entitled.

31

Respectfully submitted,

MUNSCH HARDT KOPF & HARR PC

*/s/Michael W. Huddleston*
Michael W. Huddleston
State Bar No. 10148415
J. Stephen Gibson
State Bar No. 07866000
3800 Ross Tower
500 North Akard Street
Dallas, TX 75201
(214) 855-7500 Main Tel.
(214) 855-7584 Main Fax
mhuddleston@munsch.com
sgibson@munsch.com

Benton T. Wheatley
State Bar No. 24015171
Tracy McCreight
State Bar No. 24037064
Munsch Hardt Kopf & Harr, P.C.
401 Congress Avenue, Suite 3050
Austin, TX 78701
(512) 391-6100 Main Tel.
(512) 391-6149 Main Fax
bwheatley@munsch.com
tmccreight@munsch.com

**Attorneys For Appellees and Cross-Appellants.**

32

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Appellees' Brief was prepared using Microsoft Word 2010, which indicated that the total word count (exclusive of those items listed in Tex. R. App. P. 9.4(i)(1)) is 7479 words.

*/s/ Michael W. Huddleston*
Michael W. Huddleston

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing document upon counsel listed below on this 16th day of July, 2015 by e-file:

Weston M. Davis
Gregory N. Ziegler
Steven R. Baggett
Macdonald Devin, P.C.
1201 Elm Street
3800 Renaissance Tower
Dallas, TX 75270

*/s/ Michael W. Huddleston*
Michael W. Huddleston
